## HORNE ZOOLOGICAL ARENA CO. v. CITY OF DALLAS et al.

### No. 1096.

Court of Civil Appeals of Texas. Waco.
Dec. 31, 1931.

Rehearing Denied Jan. 28, 1932.

Hughes & Hughes, of Dallas, for appellant.

J. J. Collins, A. A. Long, W. Hughes Knight, H. P. Kucera, N. R. Crozier, Jr., and Paul S. McCarroll, all of Dallas, for appellees.

ALEXANDER, J.

This suit was brought by Horne Zoological Arena Company against the city of Dallas and the park board thereof to recover the sum of $600, being the purchase price of a zebra alleged to have been sold by the plaintiff to the defendants. The plaintiff alleged, in substance, that the parks of the city of Dallas were under the control and management of a park board created under the charter of the city, and that said park board elected W. F. Jacoby director of parks, and that he, as such director, had authority to and did in May, 1927, enter into a contract with the plaintiff by which the plaintiff agreed to deliver to the defendants a zebra stallion, and for which the plaintiff was to receive the sum of $600; that the plaintiff delivered the zebra as per the agreement, but that the park board refused to pay for same. The trial court sustained various special exceptions to plaintiff's petition, and, the plaintiff having declined to amend, the court dismissed the suit. The plaintiff appealed.

For the purpose of showing the authority of Jacoby to enter into the contract and to bind the park board thereby, the plaintiff alleged as follows: "That in accordance with the authority contained in said charter, the park board of the city of Dallas in a meeting of said board on the eighth of November, 1920, and contained in Volume 5, page 59 of the minutes of the said board elected W. F. Jacoby director of parks, he to have charge of the entire park system; that the said W. F. Jacoby under said appointment and as director of parks, had authority to enter into the hereinafter alleged contract."

The defendants specially excepted to the above allegation because the same was a conclusion of the pleader, and the petition did not set out the minutes of the board appointing Jacoby director of parks, and did not show the purpose for which he was elected, the authority vested in him, nor the duties to be performed by him, and because said Jacoby as director of parks did not have authority to make the contract in question for and on behalf of the board. The trial court sustained said exception.

The charter of the city of Dallas places the control and management of the parks of the city in a park board composed of the mayor and four commissioners appointed biannually by the mayor. Such board is given the exclusive control, management, and maintenance of the parks of the city. The effect of the above allegation was to allege that Jacoby under his appointment in 1920, and by virtue of his authority as director of parks, had the authority to purchase the zebra in question in 1927.

The general rule is that, where the law creates a board to have charge of the affairs of a municipality or a particular part thereof, such board may appoint agents to discharge ministerial duties not calling for the exercise of reason or discretion, but it cannot go beyond this and delegate to others the discharge of duties which call for reason or discretion, and which are regarded as a part of the public trust assumed by the members of such board. The power to exercise discretion in matters intrusted to such boards cannot be delegated, surrendered, or bartered away. City of Corpus Christi v. Central Wharf & Warehouse Co., 8 Tex. Civ. App. 94, 27 S. W. 803; Green v. San Antonio Water Supply Co. (Tex. Civ. App.) 193 S. W. 453; City of San Antonio v. French, 80 Tex. 575, 16 S. W. 440, 26 Am. St. Rep. 763; Jameison v. City of Paducah, 195 Ky. 71, 241 S. W. 327.

The matter of purchasing zebras and other animals for the parks of the city of Dallas called for the exercise of discretion as to the number and kind of such animals to be purchased and the price to be paid for each particular animal. The park board was charged with the trust of spending the money set aside for the maintenance of parks, and it could not avoid its responsibility by delegating to others the authority to act for it in the purchase of such animals without limit as to the kind of animals to be purchased or the price to be paid therefor. The trial court correctly held that Jacoby merely by virtue of his authority as director of parks did not have authority to make the contract in question.

In addition to alleging that Jacoby was elected director of parks, and was given charge of the entire park system, the plaintiff alleged elsewhere in the petition that "he (Jacoby) had authority to enter into the hereinafter alleged contract as director of parks of the city of Dallas," and it is here contended that this was not a conclusion of the pleader, but was the allegation of a matter of fact, and that it was not necessary for the petition to allege how, when, nor by whom such authority was conferred. We think it apparent from the above allegation that it referred back to, and was based on, the previous allegation that Jacoby was director of parks, and had charge of the entire park system, and that it was meant to say that Jacoby had the authority to make the contract in question by virtue of the fact that he was director of parks and was in charge of the entire system. The general rule is that, where there is a general allegation of agency and an allegation of the specific facts constituting the authority of such agent, and such facts as alleged are not sufficient to confer authority to make the contract in question, the general allegation of agency must yield to the specific allegation of fact, and

will be regarded as a mere conclusion of law by the pleader not sustained by the facts. 2 C. J. 905, note 86; Gilmore v. Chevrolet Motor Co., 37 Ga. App. 211, 139 S. E. 585. Since Jacoby did not have authority to make the contract merely by virtue of the fact that he was director of parks, the above allegation, if it referred back to the more specific allegation of fact, was not a sufficient allegation of his authority to make the contract.

If the allegation that "Jacoby had authority to enter into the hereinafter contract as director of parks" be regarded as an independent allegation, separate from the facts constituting the authority vested in him solely as director of parks, it was a conclusion of law by the pleader without stating the facts on which such conclusion was based. It is true that a pleader is required to allege only the ultimate facts and not the evidence constituting the proof thereof, Beckham v. Cayton (Tex. Civ. App.) 262 S. W. 840, par. 1, but he must allege ultimate facts and not conclusions of law. Where the facts which lead to a logical conclusion are recited in full, a pleader so setting out the facts may follow same with his conclusions as to the effect thereof, for in such case the trial court may judge as to whether such conclusion has been properly drawn; but the setting out of such a conclusion without the facts is not permissible. Benton v. Morningside College, 202 Iowa, 15, 209 N. W. 516, par. 3; Texas & P. Ry. Co. v. Kirk, 62 Tex. 227–233; Morrison v. Hazzard, 99 Tex. 583, 92 S. W. 33; Atlas Petroleum Corp. v. G., H. & S. A. Ry. Co. (Tex. Civ. App.) 5 S.W.(2d) 215, par. 7; Bluitt v. Pearson, 117 Tex. 467, 7 S.W.(2d) 524, par. 5. The board could not delegate to Jacoby the discretionary power of selecting the animal to be purchased and the price to be paid therefor, and it was incumbent on the plaintiff in some appropriate language to allege a state of facts under which the board could delegate to Jacoby the authority to make the contract sued on and that such authority had actually been given by the board. The allegation that Jacoby had authority to make the contract was a mere conclusion of the pleader.

The plaintiff further alleged that, if Jacoby did not have authority to make the contract for and on behalf of the park board, he had made prior purchases of animals from the plaintiff and others on behalf of the board, all of which was done with the knowledge and consent of the defendants, and that such acts constituted a holding out to plaintiff that Jacoby had authority to enter into such contract, and that by reason thereof the defendants were estopped to deny such authority. The court properly sustained an exception to this allegation. This was not an attempt to plead a ratification of the contract by the park board after acquiring full knowledge of all the facts, but it was an attempt to plead estoppel on account of the conduct of the board prior to the making of the contract. If the park board could not by direct action delegate to Jacoby the authority to make such a contract, it could not indirectly by conduct estop itself from denying such authority.

The plaintiff further alleged that said zebra was delivered according to the terms of the contract, and was received and retained by the city, and the plaintiff sought in the alternative to recover on the quantum meruit for the reasonable value of the zebra. The court sustained an exception to the action on the quantum meruit on the ground that same was barred by the two-year statute of limitation. If the board actually accepted and retained the zebra, it would be liable for the reasonable value thereof, even though it did not authorize the purchase thereof. Sluder v. City of San Antonio (Tex. Com. App.) 2 S.W.(2d) 841. The two-year statute of limitation (Rev. St. 1925, art. 5526) would control, and limitation would begin to run when the board accepted the animal. The amendment seeking recovery on quantum meruit was filed in November, 1930. The petition, however, does not allege when the zebra was accepted by the city, and we are unable to say whether the action was barred. This requires a reversal of the case.

The judgment of the trial court is reversed, and the cause remanded for a new trial.