

# THE ATTORNEY GENERAL

## OF TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

AUSTIN 11, TEXAS

November 20, 1947

Hon. James C. Jones                    Opinion No. V-436.
Executive Director
Veterans' Affairs Commission    Re:  Power of the Veterans'
Austin, Texas                                Affairs Commission to
                                                      delegate authority to
                                                      its Director to sign
                                                      pay vouchers.

Dear Sir:

        Your letter of September 25, 1947, reads in part
as follows:

        "Your opinion is requested on the fol-
    lowing:

        "1.  Under Section 6, H. B. #18, does
    the Veterans Affairs Commission have the au-
    thority to delegate to the Director, as Ex-
    ecutive Officer of the Commission, the right
    to sign pay vouchers for salaries and other
    expenses incurred by the Commission?

        "2.  If the Commission cannot delegate
    the foregoing authority to the Executive Di-
    rector, would the Chairman of the Commission
    be authorized to sign pay vouchers for salar-
    ies and other expenses incurred by the Com-
    mission?

        "3.  If questions 1 and 2 are answered
    in the negative, how many members of the Com-
    mission are required to affix their signatures
    to pay vouchers for salaries and other expenses
    incurred by the Commission before the Comptrol-
    ler can certify them for payment?"

        The purpose of a voucher is to furnish evidence
to the Comptroller that the expenditure has been incurred
or approved by the proper authority.  In this connection,
Article 4355, V. C. S., sets out the form of that evidence
as follows:

"All claims and accounts against the State shall be submitted on forms prescribed by the Comptroller and in duplicate, when required by him except claims for pensions, and shall be so prepared as to provide for the entering thereon, for the use of the Comptroller's Department, as well as other appropriate matters, the following:

"1. Signature of the head of the department or other person responsible for incurring the expenditure."

Since Article 4355 is directed only at the form to be used, which shall provide, among other requisites, for the signature of the proper authority, the question arises as to who is the "head of the department or other person responsible for incurring the expenditure." This question is pertinent for the purpose of determining who should approve the claims or accounts.

An examination of House Bill 18, (Acts 50th Leg., R. S., Ch. 363, page 728) creating the Veterans' Affairs Commission indicates that the Commission itself is the functioning head of all activities of the Commission. With reference to the expenditure of money for salaries and expenses, Section 5 of the Act provides:

"Suitable offices and office equipment shall be provided by the State of Texas for the Veterans' Affairs Commission in the City of Austin. The Commission may incur the necessary expenses for office furniture, stationery, printing, incidentals, and other expenses necessary to perform its work, and sufficient office personnel, stenographers, typists, and clerical help shall be employed to maintain the efficient operation of the office. The Commission shall be authorized to pay the expenses provided in paragraph 5 hereof from the appropriation hereinafter transferred to the Commission."

In addition, when dealing with the functions of the State Approval Agency for Veterans' Education, Section 8 provides in part:

"Incidental expenses for the operation of the Agency--such as postage, stationery,

Hon. James C. Jones, Page 3,  V-436.

telephone and telegraph, and other contingent expenses--shall be paid by the <u>Veterans' Affairs Commission</u>. . . "

With reference to the duties of the Executive Director, Section 6 of the Act provides in part as follows:

"The Director shall be responsible for placing into operation the policies and instructions promulgated by the Veterans' Affairs Commission, and shall serve as Executive Officer of the Commission, but he shall not have the power to vote. The Director shall be in charge of the offices of the Commission, shall direct the paid personnel of the Commission, and be responsible to the Commission for all reports, data and so forth, required by the Commission."

Numerous opinions rendered by this department have held that it is without the authority of Boards similarly created as yours to delegate their discretionary functions to an Executive Director of approving vouchers for the issuance of warrants, in the absence of an express statutory grant of authority to the Executive Director to approve vouchers.  Opinions Nos. O-5292, O-5333, O-5366, and V-286.  There being no indication in your inquiry to the contrary, we shall assume that your reference as to whether the Executive Director shall "sign" the vouchers includes "approve", and does not presuppose that the Commission has "approved" them prior thereto.

With regard to your first inquiry as to whether the Veterans' Affairs Commission may delegate its authority to the Executive Director of the Commission to sign, for the purpose of approval, pay vouchers for salaries and other expenses incurred by the Commission, we quote the following language from Horne Zoological Arena Company v. City of Dallas, 45 S. W. (2d) 714:

"The general rule is that, where the law creates a board to have charge of the affairs of a municipality or a particular part thereof, such board may appoint agents to discharge ministerial duties not calling for the exercise of reason or discretion, but it cannot go beyond this and delegate

to others the discharge of duties which call for reason or discretion, and which are regarded as a part of the public trust assumed by the members of such board. The power to exercise discretion in matters intrusted to such boards cannot be delegated, surrendered or bartered away."

There being no express statutory delegation of authority to the Executive Director to approve vouchers for the issuance of warrants, the Commission alone has the non-delegable discretionary function of approving such vouchers. The Executive Director is not vested with the discretionary function which is granted to the Commission by Section 5 of H. B. 18, supra, and in matters pertaining to the exercise of discretion, he consummates the policies which have been determined by the Commission in its discretionary authority.

With regard to your second question of whether the Commission can delegate its authority to the Chairman to sign pay vouchers for salaries and expenses, again there is no indication that such vouchers have been theretofore approved by the Commission. Clearly, in the absence of a grant of express statutory authority, the Chairman of the Commission cannot exercise a discretionary function alone. The voice of the Commission must speak. State Board of Registration for Professional Engineers v. Hatter, 139 S. W. (2d) 169.

If, however, the Commission has approved payment of the claim while acting as a body, it may delegate by a proper resolution the ministerial function of signing or executing the vouchers on behalf of the Commission to either the Executive Director or the Board Chairman. See Opinions Nos. V-286, and O-5667, rendered by this Department.

Your third question involves the number of members of the Veterans' Affairs Commission required to affix their signatures to pay vouchers, for salaries and other expenses, for certification by the State Comptroller.

Section 4 of H. B. 18, which creates the Commission, indicates the following:

". . . Three (3) members shall constitute a quorum and no action shall be taken

by less than a majority of the Commission."

It is clear that at least three members of the Commission must have _approved_ the expenditure, and that the indication of their approval must be made known to the Comptroller, either by such members affixing their signatures to the pay vouchers, or through the medium of attaching to the pay vouchers a copy of a resolution indicating their _express_ approval of the individual items contained in the pay vouchers. At least three members of the Commission must approve the disbursements; but once they have approved them, the ministerial duty of _signing_ the pay vouchers may be duly delegated to the Chairman of the Commission or to the Executive Director.

## SUMMARY

Neither the Executive Director nor the Chairman of the Veterans' Affairs Commission has the authority to approve vouchers for salaries and other expenses incurred by the Commission. Horne Zoological Arena Company v. City of Dallas, 45 S. W. (2d) 714. The Commission must act as a body in approving the pay vouchers, and at least three members must indicate an affirmative vote for approval. Having indicated its approval, the Commission may authorize the Chairman or the Executive Director to affix his signature to the voucher.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Dean J. Capp
Assistant.

DJC:jmc

APPROVED:

FIRST ASSISTANT
ATTORNEY GENERAL.