

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 16, 1947

FAGAN DICKSON
FIRST ASSISTANT

Honorable Bert Ford
Administrator
Texas Liquor Control Board
Austin, Texas

Opinion No. V-350

Re: The authority of the
Liquor Control Board
or Administrator, un-
der the provisions of
the Texas Liquor Con-
trol Act, to appoint
an "Assistant Admin-
istrator" and related
questions.

Dear Mr. Ford:

Your letter of June 25, 1947, requesting the
opinion of this Department concerning the authority of
the Liquor Control Board or Administrator to appoint an
Assistant Administrator and other related questions reads
in part as follows:

"The Texas Liquor Control Board and Ad-
ministrator find that it would be convenient
and necessary in order to properly administer
and carry out the provisions of the Texas
Liquor Control Act to appoint an Assistant
Administrator with the same duties, powers and
authority to act in the absence of the Admin-
istrator as possessed by the Administrator.
The Departmental Appropriation Bill for the
Biennium beginning September 1, 1947, sets up
a salary for an Assistant Administrator.

"Section 5 of Article I of the Texas Liquor
Control Act provides as follows:

"'The Board or Administrator shall
appoint all necessary clerks, stenog-
raphers, inspectors, and chemists and
other employees to properly enforce
the provisions of this Act.'

"'The Board or Administrator shall
fix the duties, salaries, and wages

of all employees authorized by
this Act.'

"Paragraph (d), Section 6, Article I
of the Texas Liquor Control Act in enumer-
ating the powers of the Board, reads as
follows:

"' To exercise all other powers,
duties, and functions conferred by
this Act and all powers incidental,
convenient or necessary to enable it
to administer or carry out any of
the provisions of this Act and to
publish all necessary rules and reg-
ulations.'

"Section 12 (a), (3) of Article I of
the Texas Liquor Control Act reads as
follows:

"'The Board or Administrator may
designate any of its members or rep-
resentatives to conduct any hearing
authorized by this Act, making a
record thereof and the Board or Ad-
ministrator may upon such record ren-
der its decision as though the hear-
ing had been held before all members
of the Board or Administrator. The
Board may prescribe its own rules of
procedure and evidence.'

"In view of the foregoing provisions, we
would appreciate your opinion upon the follow-
ing questions:

"1. Does the Board or Administrator
have authority under the Texas Liquor
Control Act to appoint an Assistant
Administrator?

"2. Can the Board or Administrator
delegate to the Assistant Administra-
tor, in the absence of the Administra-
tor, the same powers, authority and
duties delegated to the Administrator?

"3.  If not, in what respect would
the authority of such Assistant Ad-
ministrator be limited?

"4.  In the absence of the Admin-
istrator, can the Assistant Adminis-
trator conduct hearings and pass upon
same by proper delegation from the
Board or Administrator?

"5.  What procedure would be neces-
sary to properly and legally confer
upon the Assistant Administrator
these duties and powers?

"6.  Should the Assistant Adminis-
trator possess the same qualifications
and give bond in the same amount as re-
quired by law of the Administrator?"

In order to satisfactorily answer your questions,
it will be necessary to construe various provisions of the
Texas Liquor Control Act which you correctly set out in
your letter.

Under the provisions of Section 5 of Article I
of the Texas Liquor Control Act, it is difficult to place
a construction other than that the Board or Administrator
has the authority to designate one of its employees as
"Assistant Administrator" in carrying out the provisions
of the Act.  While the Act does not specifically provide
for the appointment by name of an "Assistant Administra-
tor", the language used in this Section is sufficiently
broad to allow such appointment.  Also, under the provi-
sions of Senate Bill 391 as passed by the Fiftieth Legis-
lature, 1947, the salary for an "Assistant Administrator"
is provided for in the appropriation to the Texas Liquor
Control Board at $5,004.00 per annum.  Therefore, your
first question should be answered "Yes".

The answer to your question numbered 2 depends
upon whether the Board or Administrator can delegate du-
ties involving administrative discretion.  By specific
statutory provision, the Board has the authority to ap-
point an Administrator, who shall administer the provi-
sions of the Act and to delegate some of its powers and
duties to him.  In answering your first question, supra,
we have indicated that it is not necessary for the Act to
specifically provide for the appointment of each individual

employee. However, before the Board or Administrator would have the authority to delegate its administrative discretionary duties, there would have to be statutory authority to do so. There are specific instances provided whereby the Board is authorized to delegate its duties to the Administrator but we cannot infer the authority to delegate matters involving discretion to any other employee or for the Administrator to sub-delegate his official duties. Nowhere in the Act do we find any specific provision allowing the Board or Administrator this power. We are, therefore, of the opinion that such delegation of duties involving discretion to an Assistant Administrator would be invalid. Railroad Commission of Texas et al vs. Red Arrow Freight Lines, Inc., et al, 96 S. W. (2d) 735; Railroad Commission of Texas et al vs. Southwestern Greyhound Lines, Inc., 92 S. W. (2d) 296; Commercial Standard Insurance Company vs. Board of Insurance Commissioners of Texas, 34 S. W. (2d) 343; State, et al vs. Robison, Land Commissioner, et al, 119 Tex. 302, 30 S. W. (2d) 292; Naill vs. State, 129 S. W. 630; Gano et al vs. Palo Pinto County, 71 Tex. 99, 8 S. W. 634; Horne Zoological Arena Company v. City of Dallas, et al, 45 S. W. (2d) 714.

We are of the opinion that the intention of the Legislature in delegating certain powers to the Board and allowing delegation to the Administrator, was that either the Board or the Administrator must do such prescribed duties, and that no other person would be authorized to act for them on discretionary matters. This conclusion is drawn from a portion of Section 5, Article I, Texas Liquor Control Act, which provides that "The Administrator shall devote his entire time to said office", and from Section 12a, Paragraph (3) of Article I of said Act, providing that a representative may be designated to make a record at a hearing upon which the Board or Administrator may render its decision. In other words, in such matters as cancellation of permits, where the Board or Administrator has discretionary powers, such powers cannot be delegated without specific statutory authorization.

In support of the above proposition, your attention is called to Volume I, Section 312, Sutherland on Statutory Construction, which is quoted in part below:

". . . . Nevertheless, in many statutes it is customary to grant power directly to the

executive head or the board or commission. _If the statute expressly authorizes the re- delegation to a subordinate official, the subdelegation is valid_. . . . . . It is equally obvious that ministerial or admin- istrative functions may be subdelegated for the ordinary board or commission could not personally perform the multitude of clerical, physical and nondiscretionary acts required of the usual administrative agency. . . . " (Emphasis added)

The rule is stated in Texas Jurisprudence (34 Tex. Jur. 459, Sec. 79) in the following language:

"_It is a general rule that public duties must be performed and governmental powers ex- ercised by the officer or body designated by law - that they cannot be delegated to others. This is particularly true of duties which are judicial in their nature_, or which call for the exercise of reason or discretion, and which are regarded as a part of the public trust assumed. . . . .

"But a board may delegate ministerial or administrative functions not calling for the exercise of reason or discretion by appoint- ing agents to perform duties of that character. . . . ." (Emphasis added)

Also, in Texas Jurisprudence (39 Tex. Jur. p. 68, Sec. 33) is found a statement in this connection as quoted below:

"A delegation of power, when permitted, must be expressed by clear and express terms or by clear implication. An administrative agency has only such authority especially with respect to the regulation and control of private rights and properties, as is clearly delegated or necessarily implied from that expressly delegated. And when a statute delegating a power directs the man- ner of its exercise that method is exclusive of all others."

In Horne Zoological Arena Company vs. City of

278

Dallas, supra, Judge Alexander, the present Chief Justice of our Supreme Court, while he was serving on the Waco Court of Civil Appeals, said:

> "The general rule is that, where the law creates a board to have charge of the affairs of a municipality or a particular part thereof, such board may appoint agents to discharge ministerial duties not calling for the exercise of reason or discretion, but it cannot go beyond this and delegate to others the discharge of duties which call for reason or discretion, and which are regarded as a part of the public trust assumed by the members of such board. The power to exercise discretion in matters intrusted to such boards cannot be delegated, surrendered, or bartered away. . . ." (Emphasis added)

From the above discussion, your second question should be answered in the negative.

Your third question can be answered by stating that the Board or Administrator shall fix the duties of all employees and thus can authorize the Assistant Administrator to do any act, except discretionary acts, delegated to the Board or Administrator. Any ministerial duty as distinguished from a discretionary one could be placed with such employee.

The distinction between a ministerial and a discretionary act is set out in the following excerpt from Texas Jurisprudence (34 Tex. Jur. p. 452, Sec. 73):

> "The following distinction between ministerial, judicial and other acts is apparent in the decisions: where the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment, the act is ministerial; but where the act involves the exercise of discretion or judgment in determining whether the duty exists, it is not to be deemed merely ministerial. An executive officer acts in quasi judicial capacity when, in the exercise of his functions, he is required to pass upon facts and determine his action by the facts found. As to whether an act is quasi

judicial or merely ministerial depends upon
the statute which empowers the officer."

As we have set out above, the Board or Admin-
istrator may designate one of its members or represen-
tatives to conduct hearings. However, the rendering of
a decision based upon such hearing is a discretionary
power specifically granted to the Board or Administrator,
and it cannot be delegated to any other person in the
absence of statutory authority to do so. Therefore,
your fourth question is answered "No".

In order to legally confer all of the author-
ity inquired about upon an "Assistant Administrator", a
statutory provision should be passed by the Legislature
providing that such Assistant shall have the same powers
and duties as the Administrator and authorizing the Assist-
ant to act in the Administrator's absence. The qualifica-
tions and amount of bond of an Assistant Administrator
would be the same as may be required by the Board for other
representatives and employees. The provisions of House Bill
727, passed by the Fiftieth Legislature, 1947, but which
was vetoed by Governor Jester, would have satisfactorily
covered both the authority to subdelegate the power and du-
ties and the qualifications of an "Assistant Administrator".
The action of the Legislature in passing such House Bill
727 lends some weight to the conclusion that such was
needed in order to confer the power inquired about on the
Board or Administrator.

## SUMMARY

The Liquor Control Board or Administrator
has the authority to name an employee as
"Assistant Administrator" and to prescribe his
duties, but they cannot legally delegate dis-
cretionary powers to such Assistant without
specific statutory authority. Art. 666-5,
V.A.P.C.; Art. 666-12a, Par. (3), V.A.P.C.; 34
Tex. Jur. 459.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED:

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL
WSL:rt

By *William S. Lott*

William S. Lott
Assistant