

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

October 17, 1973

The Honorable Joe Christie
Chairman
State Board of Insurance
1110 San Jacinto
Austin, Texas 78786

Dear Chairman Christie:

Opinion No. H- 131

Re: Authority of Board of
Insurance to issue order
adopting rating proce-
dures for unusual risks,
as embodied in Board
Order No. 23714

Enclosing a copy of State Board of Insurance Order No. 23714, you
have requested an opinion "as to whether or not the State Board of Insurance
has the lawful authority to enter such Order under Subchapters A and B of
Chapter 5 of the Insurance Code."

The Order concerns certain automobile and casualty insurance risks
which, "because of unique and unusual attributes, as herein defined, cannot
be insured in the licensed market. . . ." The Order identifies eligible
risks as: (1) those involving an "excess over underlying limits of $25,000
per occurrence," (2) those "for which the insured or the producing agent
would have, in good faith sought coverage in the unlicensed market under
authority of Article 1.14-2, Texas Insurance Code, had the procedures
provided herein not been authorized," and (3) those which "the primary
insurer must reinsure . . . by facultative reinsurance." The background
material you have furnished reveals that the risks involved are those known
in the trade as "surplus lines" or "excess lines," and that these risks are
now insured pursuant to Article 1.14-2, Texas Insurance Code, by carriers
not licensed in Texas.

The Order recites that it "is entered under the Board's general rule-
making authority and also under authority of Subchapters A and B [of Chap-
ter 5, we assume], Texas Insurance Code," and that it is "applicable to
automobile insurance and casualty insurance."

p. 629

Chapter 6 of the Order is entitled "Immediate Coverage for Risks Governed by this Order" and recites that "[t]he Board, recognizing the fact that this purpose would be defeated unless these rules authorize the insurer to insure the risk without delay, and being cognizant of the law and procedures through which immediate coverage can now be obtained in the unlicensed market, hereby authorizes any licensed insurer to provide immediate coverage for any risk regulated by this Order."

Chapter 7 of the Order provides for cancellation of any policy that is not later approved by the Board.

We have carefully considered the provisions of Order No. 23714, and the background material that you have furnished. Although we understand the policy basis for the Board's action, we are unable to find any statutory authorization for it.

The Order No. 23714 establishes a procedure whereby rates on insurance within its scope are initially set by the individual insurance company, to be effective immediately, and are then filed with the Board of Insurance to be cancelled if found excessive or otherwise defective. It is this procedure which we believes vitiates the order.

With reference to automobile insurance, Article 5.01 of the Texas Insurance Code provides:

> "The Board shall have the sole and exclusive power and authority, and it shall be its duty to determine, fix, prescribe, and promulgate just, reasonable and adequate rates of premiums to be charged and collected by all insurers writing any form of insurance on motor vehicles in this State, including fleet or other rating plans designed to discourage losses from fire and theft and similar hazards and any rating plans designed to encourage the prevention of accidents. In promulgating any such rating plans the Board shall give due consideration to the peculiar hazards and experience of individual risks, past and prospective, within and outside the State and to all other relevant

> factors, within and outside the State.   The Board
> shall have the authority also to alter or amend any
> and all of such rates of premiums so fixed and deter-
> mined and adopted by it, and to raise or lower the
> same or any part thereof. "

We believe that the mechanics of Order No. 23714, which allow the carrier to set the rate initially, represent an unauthorized delegation of the Board's "sole and exclusive power and authority" under that provision. See Daniel v. Tyrrell & Garth Inv. Co., 93 S. W. 2d 372 (Tex. 1936); Horne Zoological Arena Company v. City of Dallas, 45 S. W. 2d 714 (Tex. Civ. App., Waco, 1931, no writ).

We recognize that under Article 5. 02 of the Insurance Code, the Board is authorized to find that "a type or class of insurance which is also the subject of or may be more properly regulated under the terms or provisions of other insurance rating laws" and to "make an order declaring which of the said rating laws shall be applicable to such type or class of insurance. . . ." However, no such order or recitation appears in the material furnished us and the only other applicable rating statute is Subchapter B of Chapter 5 which relates to casualty insurance and fidelity guarantee insurity bonds, and which is referred to in your order.

Even if the Board intended for the risks encompassed by Order No. 23714 to be subject to the rating under Subchapter B, we believe that Article 5. 15 clearly contemplates that such rates be filed with, and in most cases approved by, the Board prior to their effectiveness. The procedure outlined in § 6 of Order No. 23714 violates this statutory scheme.

In State v. Jackson, 376 S. W. 2d 341 (Tex. 1964), the court said:

> "When the Legislature acts with respect to a
> particular matter, the administrative agency may
> not so act with respect to the matter as to nullify
> the Legislature's action even though the matter be
> within the agency's general regulatory field.

> "There is little case law announcing the rule
> last stated, no doubt because it is self-evident."
> (376 S. W. 2d at 344-45)

In Teacher Retirement System of Texas v. Duckworth, 260 S. W. 2d 632 (Tex. Civ. App., Fort Worth, 1953), the opinion adopted as the opinion of the Supreme Court, 264 S. W. 2d 98 (Tex. 1954), the court stated:

> "Under various statutes, retirement or pension
> boards are vested with broad administrative powers
> to be exercised in accordance with a sound discretion
> and with a view to effectuating the purpose of the retire-
> ment act, and they have the right to make rules and
> regulations, but the rules and regulations are ineffective
> if they are in conflict with the statute. [citing authori-
> ties] ' * * * the statute, not the board, fixes the limits
> of, and the limitations upon, the rights of those claim-
> ing the benefits provided by the statute. * * * ' " (260
> S. W. 2d at 636).

Accordingly we hold that insofar as the rates contemplated in Order No. 23714 are based on the provisions of Article 5.01 of the Texas Insurance Code, they constitute an invalid delegation of the exclusive rate-making authority granted to the Board under that statute. Although Article 5.15(d) may allow rates to become effective prior to approval, all sections of that Article require filing prior to rates becoming effective. Section 6 of the Order, making rates effective prior to filing, is invalid.

## SUMMARY

State Board of Insurance Order No. 23714, autho-
rizing insurance carriers to set rates for unusual risks,
subject to later approval by the Board, is not authorized
by Article 5.01 and 5.15 of the Insurance Code.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee