

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

March 28, 1991

Dr. Thomas Anderson
Interim Commissioner
Texas Education Agency
1701 N. Congress Ave.
Austin, Texas 78701-1494

Opinion No. DM-14

Re: Whether competitive bidding is required
for a contractor selected to operate food ser-
vices in a public school district   (RQ-2096)

Dear Dr. Anderson:

Your predecessor requested our opinion on issues relating to contracts between school districts and food service management companies. The first question was whether the selection of a contractor for a food service management contract must be accomplished pursuant to competitive bidding. The sample contracts provided indicate that the food service management company shall provide services in conjunction with the school districts' participation in federal school nutrition programs, including the National School Lunch Program, 42 U.S.C. §§ 1751 - 1763; 7 C.F.R. pt. 210, the School Breakfast Program, 42 U.S.C. § 1773; 7 C.F.R. pt. 220, and the Summer Food Service Program.  42 U.S.C. § 1761; 7 C.F.R. pt. 225. We will therefore assume for purposes of this opinion that the questions refer to contracts with food service management companies that are governed by federal law and regulations implementing these programs.[1] We conclude that federal laws and regulations governing such contracts require school districts to award them pursuant to competitive procedures.

Federal regulations adopted pursuant to the provisions referenced above authorize and govern contracts between school districts and food service management companies. *See* 7 C.F.R. §§ 210.16 (National School Lunch Program),

---

[1] A food service management company is defined by relevant federal regulations as "a commercial enterprise or a nonprofit organization which is or may be contracted with by the school food authority to manage any aspect of the school food service." 7 C.F.R. § 210.2. A school food authority is "the governing body which is responsible for the administration of one or more schools" and has the legal authority to operate the federal school nutrition program or is otherwise approved by the Food and Nutrition Service of the United States Department of Agriculture to participate in the program. *Id.* Administration of school nutrition programs in Texas public schools is expressly delegated to public school districts. 19 T.A.C. § 85.111(b); *see also* Educ. Code § 21.914 (governing board of school district responsible for participation in national school breakfast program).

220.7(d) (School Breakfast Program), 225.15(g) (Summer Food Program). The regulations impose certain procurement policies on participating agencies, including school districts. Under the National School Lunch Program, for example, a school district

> may use its own procurement procedures which reflect applicable State and local laws and regulations, *provided that* procurements made with Program funds adhere to the standards set forth in 7 C.F.R. Part 3015.

7 C.F.R. § 210.21(c). Regulations implementing the School Breakfast Program and the Summer Food Service Program contain an identical requirement. *See id.* §§ 220.16(c), 225.17(c).

> A school district participating in the federal programs must also

> [a]dhere to the procurement standards specified in § 210.21 [quoted above] when contracting with the food service management company.

*Id.* § 210.16(a)(1). One such standard provides the following:

> All procurement transactions, regardless of whether by sealed bids or by negotiation and without regard to dollar value shall be conducted in a manner that provides maximum open and free competition.

*Id.* § 3015.182.

The cumulative effect of these regulations is to require all contracts with food service management companies to be open to competition, either through competitive bidding or competitive proposal procedures. *See, e.g.,* Latin Belly, Ltd. v. New York, 442 N.Y. S.2d 265 (N.Y. App. Div. 1981) (contract for summer school food program awarded pursuant to competitive bidding). In the case of the Summer Food Program, competition for food service management contracts is expressly required by statute. 42 U.S.C. § 1761(*l*)(1) (contracts with food service management companies may be made "on a competitive basis only"). The federal regulations identify maximum open and free competition as the guiding standard in the

awarding of a food service management contract, but leave it to state and local law and regulations to determine what specific procedures shall be employed.

Aside from contracts for non-professional services related to the construction, maintenance, repair, or renovation of public school buildings, Texas law does not compel public school boards to award contracts for services on a competitive basis. The two provisions of the Education Code that supply procedures governing competition for school district contracts, sections 21.901 and 21.9012, do not apply to contracts with food service management companies. Section 21.901 of the Education Code attaches a general competitive bidding requirement to a public school board's award of three types of contracts valued at $10,000 or more: (1) contracts for the purchase of personal property; (2) contracts for the construction, maintenance, repair or renovation of any building; and (3) contracts for the purchase of materials used in the construction, maintenance, repair or renovation of a building. Section 21.9012 of the Education Code governs a school board's contracts for services relating to the installation of energy conservation devices in school buildings. Because these provisions are inapplicable in this instance, it is unnecessary to consider your predecessor's argument that food service management contracts are professional services for purposes of the competitive bidding exception contained in section 21.901.

The absence of applicable state law and regulations, however, does not relieve local school boards participating in federal school nutrition programs from compliance with the mandate of the federal regulations. To the contrary, we believe local school boards are required to adopt procedures that ensure food service management contracts are awarded on a competitive basis, either by competitive bidding or competitive proposal procedures. In the absence of applicable state regulations, the selection of specific procedures is within the sound discretion of local school boards.[2]

The second inquiry is whether a school district may delegate to a food service management company the authority to purchase food and supplies required under a food services management contract. Your agency proposes a procedure whereby the food service management company supervises the bidding process for the school

---

[2]Questions about details of competition under local regulations should be determined in consultation with the appropriate federal authorities.

district in conformity with section 21.901, but vests final decision-making authority in the board of trustees, "either by review and approval of the process, or by a direct decision." Contracts for the purchase of consumable items -- food, for example -- are subject to section 21.901. *See* Erwin v. Steele, 228 S.W.2d 882 (Tex. Civ. App.--Dallas 1950, writ ref'd n.r.e.) ("personal property" generally includes everything subject to ownership that does not come under the denomination of real estate).

In the absence of statutory authorization, a public body may not delegate, surrender, or barter away statutory duties that involve the exercise of judgment and discretion. *See* Guerra v. Rodriguez, 239 S.W.2d 915 (Tex. Civ. App.--San Antonio 1951, no writ); Horne Zoological Arena Co. v. City of Dallas, 45 S.W.2d 714 (Tex. Civ. App.--Waco 1931, no writ). The power to make purchases for a public body has been included among such nondelegable powers. Horne Zoological Arena Co. v. City of Dallas, *supra.* The public body may, however, appoint agents to perform ministerial, nondiscretionary tasks relating to nondelegable powers. *Id.*

Section 21.901 places the ultimate power and duty to make contracts in the board of trustees. It does not expressly require the board to perform every task associated with the procurement function, but the duty to make contracts clearly requires the exercise of considerable discretion in all phases of the bidding process, including the assessment of the needs of the district, the formulation of specifications, the evaluation and selection of products and bids, and the negotiation of contract terms. Some aspects of these functions might be delegable to administrative personnel of a school district or to consultants employed to provide professional advice on specialized or technical matters, provided no discretionary authority is delegated to the consultant and the employment of the consultant is carefully monitored to avoid conflicts of interest.[3]  *See, e.g.,* Attorney General Opinions JM-1189 (1990); JM-940 (1988). However, in view of the significant discretion that must be exercised on behalf of a school district in all phases of the competitive bidding process, we conclude that the purchasing function may not be delegated to a food service management company by contract or otherwise.

---

[3]One of the sample contracts delegates the purchasing function to the food services management company and authorizes it to give preference to local suppliers and to take advantage of local trade discounts, advantages that may not be available on contracts that are competitively bid. The contract also allows the company to advance its own interests by granting it the right to retain credit for discounts not attributable to its operations on the district's premises. The contract thus imposes a structure that could be interpreted to encourage a reduction or elimination of competition in the interest of economy and allow the company to act in its own interest.

## SUMMARY

Public school districts participating in federal school nutrition programs must award contracts for the management of school food services on a competitive basis. In the absence of applicable state regulations, local school boards have discretion to determine whether competitive bidding or competitive proposal procedures shall apply. A school board may not delegate the purchase of food products and supplies to a food service management company by contract or otherwise.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

SUSAN GARRISON
Acting Chairman, Opinion Committee

Prepared by Steve Aragon
Assistant Attorney General