

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

February 19, 1992

Mr. Lionel R. Meno
Commissioner of Education
Texas Education Agency
1701 North Congress Avenue
Austin, Texas 78704-1494

Opinion No. DM-93

Re: Constitutionality of Rider 30 to the General Appropriations Bill for the 1991-1992 biennium (RQ-184)

Dear Commissioner Meno:

You have requested our opinion regarding the constitutionality of Rider 30 to the appropriation to the Central Education Agency contained in the General Appropriations Bill for the 1991-1992 biennium. H.B. 1, Acts 1991, 72d Leg., 1st C.S., ch. 19, at 785-86. Rider 30 ostensibly establishes procurement guidelines for school districts making certain purchases with appropriated funds. You have concluded, and are so advising school districts, that Rider 30 violates article III, section 35, of the Texas Constitution. We agree.

Article III, section 35, of the constitution provides the following in pertinent part:

> (a) No bill, *(except general appropriations bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated)* shall contain more than one subject. (Emphasis added.)

The appropriation of funds from the state treasury is considered a single subject for purposes of this provision. *Jessen Assoc., Inc. v. Bullock*, 531 S.W.2d 593, 600 (Tex. 1975) (and cases cited therein).

Attorney General Opinion JM-1151 (1990) summarized the application of section 35(a) to appropriations act riders as follows:

> A valid rider may limit, detail, or restrict the use of appropriated funds. Attorney General Opinion V-1254 (1951).

> A rider that qualifies or directs the use of appropriated funds or that is merely incidental to an appropriation is valid. Jessen Assoc., Inc., supra, at 599. So, too, is a rider that merely implements or is declarative of existing general law. See Attorney General Opinions JM-786 (1987); JM-343 (1985).
>
> A rider may not, however, embody matters of general legislation. Moore v. Sheppard, 192 S.W.2d 559 (Tex. 1946); see also Attorney General Opinions MW-585 (1982); MW-51 (1979). A rider that attempts to alter existing substantive law is a matter of general legislation that may not be included in a general appropriations act. Strake v. Court of Appeals, 704 S.W.2d 746 (Tex. 1986). Thus, a rider that amends, modifies, repeals, or conflicts with existing general law or that attempts to nullify a constitutional provision other than article III, section 35, is invalid. See id.; Linden v. Finley, 49 S.W. 578 (Tex. 1899); see also Attorney General Opinions JM-885 (1988); H-1158 (1978); M-1199 (1972); V-1254 (1951).

Attorney General Opinion JM-1151 at 5-6.

Under these standards, Rider 30 is clearly invalid. Section 21.901 of the Education Code states that except as otherwise provided therein, all contracts valued at $10,000 or more for (1) the purchase of personal property, (2) the construction, maintenance, repair or renovation of buildings, or (3) for materials used in those efforts must be submitted to competitive bidding. Educ. Code § 21.901(a), (b). Maintenance is defined to include supervision of custodial, plant operations, maintenance, and ground services personnel. *Id.* subsec. (b).

Section 21.901 provides limited exceptions to its competitive bidding requirement. Contracts for professional services are not subject to competitive bidding. *See id.* § 21.901(c); Attorney General Opinion JM-940 (1988). Neither are contracts for the replacement of buildings or equipment destroyed or severely damaged if the time delay caused by the bidding process would prevent or substantially impair the conduct of classes or other essential school functions. Educ. Code § 21.901(e). A school board may purchase specifically enumerated items without resort to competitive bidding when the items are available from only one source, *id.* subsec. (g), and it may purchase computers and related equipment through the state General Services Commission (formerly the State Purchasing and

General Services Commission), *id.* subsec. (f). In addition, contracts for energy conservation services or equipment may be awarded pursuant to competitive proposal procedures rather than competitive bidding. *Id.* § 21.9012(g). Violations of the competitive bidding requirement of section 21.901(a) and (b) are punishable as a Class B misdemeanor. *Id.* § 21.9011(c).

Rider 30 does not merely limit, detail, or restrict the use of funds appropriated by the General Appropriations Bill. Rather, it professes to require school districts receiving appropriated funds to take certain affirmative steps in the procurement of specified items. It is thus an attempt to amend section 21.901 and enact general law in contravention of article III, section 35(a), of the constitution.

Rider 30 provides the following in part:

> Purchases made by a school district with funds appropriated by this Act shall be made according to the following conditions:
>
> a. Except as provided by statute, all contracts ... for the purchase of any personal property, except produce or vehicle fuel, shall be submitted to competitive bidding for each of the six-month periods beginning September 1 and March 1 when said property is valued at $25,000 or more.
>
> b. Except as provided by statute, all contracts ... for the construction, maintenance, repair or renovation of any building or for materials used in [such endeavors] shall be submitted to competitive bidding when said contracts are valued at $25,000 or more. In this section, maintenance includes supervision of custodial, plant operations, maintenance, and ground services personnel. However, this section does not apply to the construction, maintenance, repair, or renovation of any building performed by a professional custodial and/or maintenance management company [that is selected on a competitive basis].
>
> c. A school district shall purchase personal property for each of the six month periods beginning September 1 and March 1 as provided in sections (d) and (e) below if the value of the property is at least $10,000 but less than $25,000, unless the

district elects to submit a contract for the purchase to competitive bidding.

Acts 1991, 72d Leg., 1st C.S., ch. 19, at 785-86.

These provisions may be construed to enact exceptions to competitive bidding that are not expressly recognized under section 21.901. Paragraph (a) provides apparent exceptions for produce and vehicle fuel contracts valued at $25,000 or more. Produce and vehicle fuel constitute personal property, contracts for the purchase of which are subject to the competitive bidding requirement of section 21.901(a) when valued at $10,000 or more. *See* Attorney General Opinion DM-14 (1991) (section 21.901 applies to contracts for the purchase of consumable items such as food). Both provisions also require personal property purchase contracts to be made for six-month periods, a requirement not found in section 21.901 or elsewhere in the Education Code.[1]

Paragraph (b), meanwhile, offers a comparable exception for construction, maintenance, repair and renovation contracts valued at between $10,000 and $25,000. In addition, it excepts "professional" custodial and maintenance management contracts from competitive bidding altogether, services which arguably would otherwise be subject to competitive bidding under section 21.901(b). *See* Educ. Code § 21.901(b) ("maintenance" includes supervision of custodial, maintenance, and ground services personnel). Because paragraphs (a) and (b) of Rider 30 attempt to alter the strict statutory competitive bidding requirement of section 21.901, they are invalid.

Paragraphs (c), (d), and (e) of Rider 30 ostensibly authorize a school district to purchase personal property valued at between $10,000 and $25,000 by contacting vendors placed on a list compiled by the district of prospective suppliers of the category of personal property to be purchased. The district is required to make such contracts for six month periods beginning September 1 and March 1. Prior to

---

[1]It may be argued that paragraph (a) merely excepts fuel and produce purchases from the six-month supply requirement. Because the paragraph is prefaced with the disclaimer "except as provided by statute" it may then be asserted that fuel and produce purchases remain subject to competitive bidding under section 21.901. However, the remainder of paragraph (a) would still only require competitive bidding for fuel and produce purchases of $25,000 or more, and paragraph (c) would make bidding optional for contracts of between $10,000 and $25,000. Both of these requirements are inconsistent with section 21.901.

entering into such a contract, the district need only contact at least three vendors (presumably for the purpose of soliciting offers). The district is not required to submit the purchase contract to competitive bidding, but may do so at its discretion.

This portion of Rider 30 attempts to enact a discretionary exception to competitive bidding required by section 21.901 of the Education Code. It also attempts to codify the practices of compiling vendors' lists and making cumulative six-month personal property purchase contracts, matters not expressly required by the Education Code. For these reasons, paragraphs (c), (d), and (e) of Rider 30 are invalid.

Finally, Rider 30 professedly establishes procurement guidelines for a school district that has contracted with a food services management company. Paragraph (f) authorizes the board of trustees of such a district to

> delegate to a professional food services management company the authority to purchase the food and supplies required in the performance of a food service management contract . . . .

Acts 1991, 72d Leg., 1st C.S., ch. 19, at 786. The food services management company must have been selected on a competitive basis, and the procurements must be made in accordance with the contract between the district and the company. *Id.*

Paragraph (f) is an effort to overturn Attorney General Opinion DM-14 (1991), which held in part that the purchasing function could not be delegated to a food services management company by contract or otherwise. This conclusion was based on the discretionary character of the procurement process and the ultimate responsibility of a school board to make purchases under section 21.901. The opinion cited authority for the proposition that the power to make purchases for a public body was not delegable. *Home Zoological Arena Co. v. City of Dallas*, 45 S.W.2d 714 (Tex. Civ. App.--Waco 1931, no writ). The opinion implicitly determined that the concept of nondelegability was fully incorporated into section 21.901. Thus, because paragraph (f) attempts to modify this rule, it, too, runs afoul of article III, section 35(a), of the constitution.

## SUMMARY

The separate provisions of Rider 30 to the appropriation of
the Central Education Agency contained in the General

Appropriations Act for the 1991-1992 fiscal biennium attempt to amend or enact general law and are therefore invalid under article III, section 35(a), of the Texas Constitution.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret.)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Steve Aragon
Assistant Attorney General