**H. Don RODGERS, Appellant,**

v.

**COUNTY OF TAYLOR, Appellee.**

No. 3776.

Court of Civil Appeals of Texas.
Eastland.

Feb. 15, 1963.

Rehearing Denied June 14, 1963.

Scarborough, Black & Tarpley, J. R. Black, Jr., Abilene, for appellant.

Bryant, Glenn & Thomas, Allen Glenn, Abilene, for appellee.

H. Don Rodgers filed suit against Taylor County, Texas, for services rendered in reporting and transcribing testimony taken before a grand jury in Taylor County. He alleged that the County, through its County Judge and one of the Commissioners, at the request of the District Attorney and the foreman of the grand jury, employed him

to render such services; that Taylor County, through its Commissioners' Court passed an order instructing its County Attorney not to file a contest to Rodgers' claim because they considered Rodgers' account an honest debt contracted for in good faith and that it should be paid by the County. W. Lee Feemster, a resident tax-paying citizen, intervened and filed an answer for himself and other tax-paying citizens. He contended that Taylor County had no authority to pay Rodgers for his services.

The court granted Feemster's motion for a summary judgment and denied Rodgers' motion for a summary judgment. Feemster was also granted a permanent injunction against the County Judge and Commissioners enjoining them from paying Rodgers' bill. Rodgers has appealed contending the court erred in granting Feemster's motion and overruling his motion for a summary judgment.

Rodgers made a motion for a summary judgment and in support of his motion attached his affidavit, a certified copy of an an order of the Commissioners' Court ratifying the action of the District Attorney in hiring the Court Reporter, and a certified copy of the order of the Commissioners' Court directing its County Attorney not to file an answer.

The County filed a reply to Rodgers' motion and asserted that Rodgers' claim was an honest and just claim and that his charges were reasonable. They attached to their reply an opinion of the Attorney General holding that the County Auditor could approve a claim by a Court Reporter for a Transcript made of grand jury proceedings, when requested to do so by the District Attorney, if the Commissioners' Court either approved or ratified said claim. The opinion further holds that a District Attorney was acting in the proper and legal conduct of his office when he contracted for a Transcript of an examining trial, Attorney General Opinion (1949) V-976, and employing a public accountant to audit records for the grand jury Attorney General

Opinion (1961) WW-1086. They also attached an affidavit by the Honorable Harvey C. Brown, the Official Court Reporter of the 42nd Judicial District Court, that a charge of $30.00 per diem and $1.25 per page for the original and two copies of the transcribed testimony was reasonable.

The District Attorney replied to Rodgers' motion and said that the motion should be granted for the reason that the services were performed and the charges were reasonable and were legal and proper expenses of his office.

Rodgers' affidavit reveals that on or about February 8th, 1962, he was called to the courthouse by the District Attorney; that he met with the District Attorney, the foreman of the grand jury, the County Judge and one of the County Commissioners and was then and there employed to report and transcribe the questions and the answers given by witnesses appearing before the grand jury; that said officials then and there agreed with him upon the charges for his services, which were $30.00 per diem and $1.25 per page; that one of the sessions of the grand jury commenced on February 8, 1962, and another commenced on or about February 26, 1962; that he performed such services and presented his bill for $2,012.50 to the District Attorney; that the Commissioners' Court ratified his contract with the District Attorney, County Judge and one of the Commissioners; that his bill for services rendered was presented to the County Auditor and rejected; that the amount charged for his services was customary and reasonable, and that he rendered such services with the knowledge, acquiescence and approval of the majority of the Commissioners of Taylor County.

Rodgers' affidavit revealed that his contract was made with the District Attorney, the foreman of the grand jury, the County Judge and one of the Commissioners and that the Commissioners' Court ratified the action of such officials. Other proof showed that the contract was actually made with the District Attorney and that the Commis-

sioners' Court ratified the action of the District Attorney. Appellee's contention that this variance presents a material issue of fact cannot be sustained. It was only material and necessary to establish that the District Attorney made the contract and that his action was ratified.

Appellee's basic contention is that Taylor County has no authority to employ Rodgers because it was not necessary in the legal conduct of any Taylor County office.

In support of his motion for a summary judgment Feemster relied upon the deposition of the County Judge, Reed Ingalsbe, and one of the Commissioners, Grover Nelson. The County Judge's deposition reveals that the District Attorney approached him and Mr. Nelson and informed them that the grand jury had requested that their proceedings be transcribed. The County Judge told the District Attorney, in effect, that he thought the request should be granted and instructed him to proceed accordingly. Commissioner Nelson testified that the Commissioners' Court ratified the action of the District Attorney in hiring Rodgers.

"This court recognizes the right of a taxpaying citizen to maintain an action in a court of equity to enjoin public officials from expending public funds under a contract that is void or illegal. Looscan v. County of Harris, 58 Tex. 511; City of Austin v. McCall, 95 Tex. 565, 68 S.W. 791; Terrell v. Middleton, Tex.Civ.App., 187 S. W. 367, error refused, 108 Tex. 14, 191 S.W. 1138, 193 S.W. 139; Hoffman v. Davis, 128 Tex. 503, 100 S.W.2d 94. The vigilance of a citizen who takes upon himself that burden in the interest of good government is to be commended. However, the procedure is generally recognized as being drastic and, in order to be authorized to maintain such an action, a citizen must bring himself strictly within the established rules. Governments cannot operate if every citizen who concludes that a public official has abused his discretion is granted the right to come into court and bring such

official's public acts under judicial review. The right, therefore, of a citizen to maintain such an action is strictly limited to cases of illegality of the proposed expenditure and does not extend to cases of unwise or indiscreet expenditures." Osborne v. Keith, 142 Tex. 262, 177 S.W.2d 198.

Section 18 of Article 5 of the Constitution of the State of Texas, Vernon's Ann. St., provides, in part, that the Commissioners' Court shall exercise jurisdiction over all "County business" that is conferred upon it by the Constitution and the laws of this state.

Article 3899, Section (b) of the Revised Civil Statutes of Texas, Vernon's Ann.Civ. St., provides, in part, that each officer named in the act, and we find that a District Attorney is named in the act, "shall be entitled and permitted to purchase or charge to his county all reasonable expenses necessary in the proper and legal conduct of his office."

■ We must use a broad and liberal rule of construction in determining whether reporting testimony of a grand jury is "County business" as that term is used in the Constitution. We have concluded that the same rule of construction should be used in construing the above quoted provision of Article 3899. "Within the meaning of the Constitution creating and conferring jurisdiction upon commissioners' courts, we think it is proper to give to the term 'county business' a broad and liberal construction so as not to defeat the real purpose that was intended to be accomplished by the law in providing that the commissioners' court shall exercise such power and jurisdiction over all county business as is conferred by the Constitution and the laws of the state * * *." Glenn v. Dallas County Bois D' Arc Island Levee Dist., Tex.Civ.App., 275 S.W. 137.

■ The grand jury, under our system of government, is a separate tribunal and their proceedings are secret. It is an inquisitorial body. Its duty is to inquire into

violations of the criminal laws in the county where they are impanelled. Article 381, Code of Criminal Procedure. Pigg v. State, 71 Tex.Cr.R. 600, 160 S.W. 691. In the discharge of their duties, the grand jury considered the matters they were investigating of sufficient importance to have the testimony of the witnesses recorded and transcribed. The District Attorney, whose duties it was to represent the County in presenting matters to the grand jury, contacted and counselled with the presiding officer and one member of the Commissioners' Court about the advisability of making such a record. The County Judge agreed that it would be proper to employ Rodgers. Pursuant to such authority, the District Attorney made the contract with Rodgers. The benefits which the County derived from Rodgers' services are those general intangible benefits which flow to the public generally from good law enforcement. Rodgers performed his services with the knowledge, acquiescence and approval of the presiding officer of the Commissioners' Court and one of its members. The County, the grand jury and the District Attorney accepted his services and the benefits accruing from his labors.

■ We have concluded that the Commissioners' Court had authority to pay Rodgers' bill. When the Commissioners' Court ratified the contract of the District Attorney, the County was bound by such contract. "What the commissioners' court could have authorized in the beginning, that court could subsequently ratify." Cameron County v. Fox, Tex.Com.App., 61 S.W. 2d 483.

■ If the Commissioners' Court did not have authority to pay Rodgers' bill under the above statute, we hold that the Commissioners' Court was authorized to pay Rodgers' bill under an implied contract. In Sluder v. City of San Antonio, Tex.Com. App., 2 S.W.2d 841, the court said "Since the decision in the French Case [City of San Antonio v. French, 80 Tex. 575, 16 S.W. 440] our courts have uniformly announced the doctrine that where a county or municipality receives benefits under a contract, illegal because not made in conformity with the Constitution or statute of the state, or charter provision of the city, it will be held liable on an implied contract for the reasonable value of the benefits which it may have received. In other words, while such contracts are void, and no recovery is permitted thereon, our courts hold that common honesty and fair dealing require that a county or municipality should not be permitted to receive the benefit of money, property, or services, without paying just compensation therefor. Under such circumstances, a private corporation would clearly be liable under an implied contract. There can be no sound reason why the same obligation to do justice should not rest upon a municipal corporation."

The judgment of the trial court is reversed and judgment here rendered for H. Don Rodgers against Taylor County, Texas, for the sum of $2,012.50.