

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

September 17, 1974

The Honorable Vernard G. Solomon
Criminal District Attorney
Harrison County
P. O. Box 776
Marshall, Texas 75670

Opinion No. H- 402

Re: County Auditor's authority
to approve back pay to suspended
but reinstated county employee.

Dear Mr. Solomon:

You ask whether the county commissioners court is authorized
to approve back pay for a county employee who was suspended and later
reinstated.

An employee of your county was indicted for two felony offenses.
The county official in charge suspended him without pay but at the same
time requested the county commissioners court to award him back pay
for the time of his suspension if he were later exonerated. The com-
missioners court took no action on the request. The indictment was sub-
sequently dismissed, and the employee was reinstated. The commissioners
court asked the county auditor to approve the back pay request, and he
requested a formal opinion on the question from this office.

The county auditor has the authority to approve for payment any
county obligations which the commissioners court has the authority to
incur. Article V, Section 18, Texas Constitution; Articles 1660, 1661,
2351, V. T. C. S. The answer to your question, then, depends upon whether
the commissioners court has the authority to pay a reinstated county
employee back pay for time during which he was suspended as a result
of criminal charges.

Article V, Section 18 of the Texas Constitution creates the county
commissioners court and delimits its authority:

> . . . The County Commissioners so chosen, with
> the County Judge as presiding officer, shall compose
> the County Commissioners Court, which shall exercise
> such powers and jurisdiction over all county business,
> as is conferred by this Constitution and the laws of the
> State, or as may be hereafter prescribed.

The term "county business" has been given a broad and liberal construction by the courts so as not to defeat the real purpose that was intended to be accomplished by creation of the county commissioners courts. Rodgers v. County of Taylor, 368 S. W. 2d 794 (Tex. Civ. App. --Eastland 1963, writ ref. n. r. e. ). One aspect of "county business" is the employment of personnel. In asserting its "implied authority to do what may be necessary in the exercise of the duties or powers expressly conferred on it" there is no doubt that a county commissioners court can employ and contract personnel as county employees to carry out its responsibilities and duties. Anderson v. Wood, 152 S. W. 2d 1084 (Tex. 1941); 15 Tex. Jur. 2d, Counties Section 37.

If, then, a county commissioners court has authority to hire employees, by implication it has the authority to set the terms of their employment. One such term which may be possible is that if an employee is indicted he will be suspended with the understanding that he will be reinstated with back pay if he is subsequently exonerated. A policy of this kind would be a condition of employment no different than the rate of compensation or amount of vacation an employee is to receive.

But in the situation you have described, no such policy regarding indicted employees was ever adopted by the commissioners court. Instead, it is seeking to award back pay after the indicted employee has already been exonerated and reinstated. In these circumstances it is our opinion that a retroactive grant of back pay would be unconstitutional. In Attorney General Opinion H-51 (1973), we decided that providing an employee with compensation not "previously earned by the employee" would constitute a gift or grant of public moneys in direct violation of

Section 53 of Article III of the Texas Constitution.   To award back pay to a reinstated employee in the situation you describe when he is not entitled to it under the terms of his employment would raise similar constitutional problems.   Thus, the county commissioners court is not authorized retroactively to grant back pay to a reinstated county employee who was temporarily suspended as a result of criminal charges, and the county auditor has no authority in this type case to approve for payment any such grant.

## SUMMARY

Absent a policy granting such right as a part of the terms of employment, the county commissioners court is not authorized retro- actively to provide for the payment of back pay to reinstated employees who were temporarily suspended as a result of criminal indictment.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee

lg