

# The Attorney General of Texas

February 2, 1978

**JOHN L. HILL**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Henry Wade
District Attorney
Dallas County
Sixth Floor, Records Building
Dallas, Texas 75202

Opinion No. H- 1123

Re: Whether a county may contract with a private organization for the operation of a rape crisis center.

Dear Mr. Wade:

You have asked if Dallas County may contribute to or contract with a private charitable organization for the operation of a rape crisis center.

A county may not make gifts to private organizations or individuals, Attorney General Opinion H-520 (1975), although under appropriate circumstances it is empowered to enter into contracts for the performance of services. Attorney General Opinion H-127 (1973). The validity of any contract would depend on its terms, but as a general proposition it is true that a county may contract with a private person to perform services which the county is authorized to perform itself. Attorney General Opinion H-127 (1973). As you have indicated in your brief, the issue in this inquiry is whether a county has authority to perform the services offered by a rape crisis center.

You have provided us with a grant request filed with the Texas Criminal Justice Council which outlines the activities of the Rape Crisis Center. It indicates that the Center is designed to encourage reporting and prosecution of acts of rape. The program will include educational activities designed to reduce the incidence of rape and other sexual assaults. A program of counseling of victims and referrals for medical and mental health care will also be provided. You have furnished us with a letter signed by four members of the Dallas County Commissioners Court which concludes that the activities of the Center are within the traditional law enforcement and prosecutorial functions of the County.

The Texas Supreme Court has stated that a principal function of counties is the administration of justice. Bexar County v. Linden, 220 S.W. 761, 763 (Tex. 1920). See Rodgers v. County of Taylor, 368 S.W.2d 794, 797 (Tex. Civ. App. — Eastland 1963, writ ref'd n.r.e.) (holding that a county may pay for a transcript of grand jury proceedings in light of the benefits which flow to the public from good law enforcement).

However, as you correctly point out in your brief, the law enforcement activities of the county are vested in officials and organizations such as the grand jury, sheriff, district attorney, and criminal courts rather than in the commissioners court. While the commissioners court may not have independent authority to enter into a contract for operation of a rape crisis center, it does have authority to provide funding for contractual or independent activities by county officials, such as the sheriff or criminal district attorney, who do have law enforcement duties. V.T.C.S. arts. 3912k and 3899.

Accordingly, we agree with your conclusion that the commissioners court does not have unlimited law enforcement authority and may not on that basis independently fund a rape crisis center; however, we believe that the commissioners court may authorize funding for contracts between a rape crisis center and county agencies or officials which do have specific law enforcement duties.

Thus, it is our opinion that, with the cooperation of the sheriff or criminal district attorney, a county may expend funds for law enforcement activities such as those proposed by the Rape Crisis Center. Since the county may perform the services itself, it may contract to have them done. No specific contract has been presented to us and we express no view on the validity of the details of any particular contract which might be proposed.

### S U M M A R Y

With the cooperation of the sheriff or criminal district attorney, the Dallas County Commissioners Court may provide funds for a contract with a rape crisis center for the performance of services which the county itself might have performed and which are designed to encourage enforcement of criminal laws involving sexual assault.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst