**C. Bruce STRATTON, Appellant,**

v.

**COUNTY OF LIBERTY, Appellee.**

No. 8268.

Court of Civil Appeals of Texas, Beaumont.

May 17, 1979.

Rehearing Denied June 7, 1979.

C. Bruce Stratton, Liberty, for appellant.

J. C. Zbranek, Liberty, for appellee.

KEITH, Justice.

Plaintiff below appeals from a take nothing judgment entered in a bench trial of a suit based upon quantum meruit and an implied contract of employment.

In April 1973, the holdover grand jury of Liberty County, Texas, began an investigation into the affairs of Artesia Hall, a school for problem children located in Liberty County. Shortly after beginning the investigation, the grand jury foreman and other members of the grand jury determined that they needed the assistance of a special attorney to help in their investigation. The authority to employ an attorney and obligate the county to pay for his services was discussed with the district attorney, county attorney, and district judge. No firm decision was made on this issue, but the grand jury employed plaintiff to

help in their investigation and he began working on April 29, 1973. The County Judge and the Commissioners' Court of Liberty County were not consulted prior to plaintiff's employment.

On May 14, 1973, the grand jury foreman and secretary appeared before the Commissioners' Court requesting authority to employ plaintiff as a special investigator for the grand jury. The court formally authorized the employment of plaintiff as a special investigator to the grand jury under the supervision of the district and county attorneys for a period not to exceed twenty days at fifty dollars per day. Plaintiff submitted a bill and was paid accordingly. However, plaintiff continued to render services after his formal employment during a period of seven weeks, without the knowledge of the Commissioners' Court.

On July 9, 1973, plaintiff submitted a statement to the Commissioners' Court for his services, and the court refused to pay him, contending that his employment was illegal. Plaintiff then filed suit against Liberty County based upon quantum meruit and an implied contract of employment seeking $14,945.00 as attorney fees (427 hours at $35 per hour), $370.29 as expenses incurred by plaintiff, and $2,100.00 as expenses advanced to two private investigators.

In its original answer, County set forth a general denial and specifically denied that it ratified the employment of plaintiff by the grand jury, county attorney, or district attorney. In addition, it specifically denied that it accepted or received any benefits for the services rendered by plaintiff and if such services were actually rendered, they were for the benefit of the grand jury and the State of Texas. County further alleged that the matters under investigation by the grand jury were not county business, that County did not have a lawful interest in such an investigation, and that it was without authority to enter into a contract to pay for a special investigator to assist the grand jury and any such contract would be void. County further alleged that the services of plaintiff were on a voluntary basis without

the knowledge or consent of County. The court rendered a take nothing judgment, from which plaintiff has perfected this appeal.

■ To establish a right of recovery on the basis of quantum meruit, one must first show that the recovery sought is not the subject of an enforcible contract. *Black Lake Pipe Line Co. v. Union Constr. Co.,* 538 S.W.2d 80, 86 (Tex.1976); *Woodard v. Southwest States, Inc.,* 384 S.W.2d 674, 675 (Tex.1964). One must also show that the services rendered were knowingly accepted by the one for whom they were performed under such circumstances that the recipient should reasonably have expected to be charged for them. The claimant must further show that the services resulted in a benefit to the one to be charged and, since the measure of the recovery is the value of that benefit, the claimant must show the amount of such value. *Black Lake Pipe Line Co. v. Union Constr. Co.,* supra; *Davidson v. Clearman,* 391 S.W.2d 48, 50 (Tex.1965); *Montes v. Naismith and Trevino Constr. Co.,* 459 S.W.2d 691, 694 (Tex. Civ.App.—Corpus Christi 1970, writ ref'd n. r. e.); *Electric Wire & Cable Co. v. Ray,* 456 S.W.2d 260, 262 (Tex.Civ.App.—Houston [14th Dist.] 1970, writ ref'd n. r. e.).

Plaintiff appeals with a variety of legal and factual sufficiency points complaining that the court erred in failing to render judgment for plaintiff. His points are briefed together; there is no separate statement or argument under any one of them. He contends, inter alia, that the evidence shows that County did accept plaintiff's services and retain benefits thereof, plaintiff's employment was not illegal or unauthorized, plaintiff's employment was sanctioned by authorized County representatives, and County was liable for the reasonable value or stated value of the services rendered and expenses incurred by plaintiff.

■ It has long been well established in Texas that even individual members of the Commissioners' Court have no authority to bind the county by their separate action and that only action taken by the governing body—the Commissioners' Court acting as an official body—can bind the county. *Canales v. Laughlin,* 147 Tex. 169, 214 S.W.2d 451, 455 (1948); *Gano v. Palo Pinto County,* 71 Tex. 99, 8 S.W. 634, 635 (1888). See also *Eastex Wildlife Conservation Ass'n v. Jasper, et al.,* 450 S.W.2d 904, 907 (Tex.Civ. App.—Beaumont 1970, writ ref'd n. r. e.); *Hill Farm, Inc. v. Hill County,* 425 S.W.2d 414, 418 (Tex.Civ.App.—Waco 1968), aff'd, 436 S.W.2d 320 (Tex.1969).

The court in *Wilson v. County of Calhoun,* 489 S.W.2d 393, 397 (Tex.Civ.App.— Corpus Christi 1972, writ ref'd n. r. e.), summarized the authority of the Commissioners' Court as follows:

"The authority of the Commissioners' Court as the governing body of the county to make contracts in behalf of the county is limited to that conferred either expressly or by necessary implication by the Constitution and laws of this State. *Childress County v. State,* 127 Tex. 343, 92 S.W.2d 1011, 1016 (1936). A contract made by a county is valid and binding only if made under the authority of a resolution or order duly passed at a meeting of the Commissioners' Court and entered in the minutes. *Morrison v. Kohler,* 207 S.W.2d 951 (Tex.Civ.App.—Beaumont 1947, writ ref'd n. r. e.); 15 Tex.Jur.2d Counties, §§ 92, 93, pp. 317–320. That which the Commissioners' Court could authorize in the first instance could be ratified by it at a subsequent date. *Cameron County v. Fox,* 61 S.W.2d 483, 487 (Tex. Com.App., 1933); *Angelina County v. Kent,* 374 S.W.2d 313 (Tex.Civ.App.— Beaumont 1963, n. w. h.)"

Plaintiff was hired by the grand jury, district attorney, and county attorney, not the Commissioners' Court. The court's minutes reveal that plaintiff was hired by County for only twenty days at fifty dollars per day. There is no evidence that it contracted for any longer period of time. Several members of the court testified that they were unaware that plaintiff worked longer than that time period until they received a statement from him.

■ Plaintiff was charged with notice of the limitation upon the County's liability for services rendered by virtue of the constitution and laws of the state regulating Commissioners' Courts. *City of Beaumont v. Moore*, 146 Tex. 46, 202 S.W.2d 448, 452 (1947); *City of San Antonio v. Guido Bros. Constr. Co.*, 460 S.W.2d 155, 164 (Tex.Civ. App.—Beaumont 1970, writ ref'd n. r. e.). No authority to incur indebtedness for services rendered has been conferred upon the grand jury.

■ Plaintiff relies on the case of *Rodgers v. County of Taylor*, 368 S.W.2d 794 (Tex.Civ.App.—Eastland 1963, writ ref'd n. r. e.). We do not find this case to be applicable. In *Rodgers*, the district attorney, county judge, one commissioner, and the grand jury foreman hired a court reporter to transcribe some testimony and later the Commissioners' Court *ratified* this expense. A taxpaying citizen contested this expense contending that the court had no authority to pay it. The appellate court held that the county was liable by express contract because the court ratified the expense, or, alternatively, by implied contract because the court received the court reporter's benefits under a contract even though the contract was illegal, *i. e.*, not in compliance with the constitution or statute of the state. See *Harris County v. Emmite*, 554 S.W.2d 203, 204 (Tex.Civ.App.—Houston [1st Dist.] 1977, writ dism'd), and cases therein cited. In the case before us, the Commissioners' Court did not ratify plaintiff's expenses and has always contended that it was not liable for more than the initial twenty-day period at fifty dollars per day.

Finding no error, we affirm the judgment of the trial court.

AFFIRMED.