

# THE ATTORNEY GENERAL
## OF TEXAS

November 23, 1987

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Thomas B. Sehon                Opinion No. JM-824
Falls County District Attorney
Falls County Courthouse                  Re: Authority of a county
Marlin, Texas  76661                     to provide legal   counsel
                                         for    a    sheriff    and
                                         district attorney sued in
                                         their official capacities
                                         (RQ-1024)

Honorable Thomas B. Sehon:

You ask two questions  prompted by a federal  lawsuit brought by  a member  of  the Falls  County  Commissioners Court against you, both individually and in your  capacity as district attorney.  The suit, which alleges  violations of    federally    protected    civil    rights,    malicious prosecution,  libel,   and  slander,   seeks  damages   of $500,000.  The suit also names as a defendant, in both  an individual  and  official   capacity,  the  Falls   County sheriff.  Your questions are:

> (1) Under  the   provisions  of   section 157.061  of  the   Local  Government   Code, formerly article  332c, V.T.C.S.,   is  Falls County required to provide legal counsel for the sheriff  and  the district  attorney  to defend them  against a  lawsuit filed  by  a member of the commissioner's court?

> (2) By virtue  of section  81.002 of  the Local  Government  Code,  formerly   article 2340, V.T.C.S., is  the county  commissioner who  brought  the  suit  disqualified   from (a) voting on the hiring  of an attorney  to defend  the  officials   he  has  sued   and (b) from participating in meetings about the lawsuit conducted between the commissioner's court and the attorney  hired to defend  the county officials?

Falls County is obligated to provide legal counsel to the county attorney and sheriff if the commissioners court decides that the suit involves the public interest. Local Gov't Code §157.061; Attorney General Opinion JM-755 (1987). We have on several occasions considered whether a public body, such as a county, may provide for legal counsel to defend public officers and employees subjected to litigation in the course of their public duties. A general rule can be distilled from our diverse opinions:

> Where a Texas governing body believes in good faith that the public interest is at stake, even though an officer is sued individually, it is permissible for the body to employ attorneys to defend the action. . . . The propriety of such a step is not made dependent upon the outcome of the litigation, but upon the bona fides of the governing body's motive.

Attorney General Opinions JM-755 (1987); MW-252 (1980); H-70 (1973); see also Attorney General Opinions H-887 (1976); H-544 (1975); M-726 (1970); Attorney General Letter Advisory No. 24 (1973). See also City of Corsicana v. Babb, 290 S.W. 736, judgment adopted (Tex. Comm'n App. 1927); see generally Annot., Payment of Attorneys' Services in Defending Action Brought Against Public Officials, 130 A.L.R. 736 (1941).

We emphasize that the authority of the county to employ attorneys to defend county officers and employees is limited to situations where the legitimate interests of the county -- and not just the personal interests of the officers or employees -- require the assertion of a vigorous legal defense on behalf of the public interest. Attorney General Opinions JM-755 (1987); H-887 (1976). The county may not use public funds when the principal interest to be defended is a purely private one. Attorney General Opinion M-726 (1970); cf. City of Del Rio v. Lowe, 111 S.W.2d 1208, 1219 (Tex. Civ. App. - San Antonio 1937), rev'd on other grounds, 122 S.W.2d 191 (Tex. 1938); State v. Averill, 110 S.W.2d 1173 (Tex. Civ. App. - San Antonio 1937, writ ref'd).

Thus, the question of the lawfulness of expending public funds to protect the public interest in a suit brought against a public official or employee will always be a question of fact. The question that the commissioners must decide is whether or not the suit

really is one that concerns the interests of the county or whether the benefits provided by public funds accrue only to the personal benefit of the public official or employee represented at taxpayers' expense. We do not make determinations of fact in the process of issuing an opinion; that responsibility in this kind of question must rest with the judgment of the county commissioners who must vote whether to expend public funds in a particular case.

Such a decision does not have to conclude that the county officer must have been right, or that the suit ultimately must be defeated. The county need only determine that the public servant of the county acted in good faith within the scope of an official duty. City National Bank of Austin v. Presidio County, 26 S.W. 775 (Tex. Civ. App. 1894, no writ); Attorney General Opinion M-726 (1970). Even if the suit contains allegations that a county official or employee has acted outside his authority, the expenditure of public funds in defense would still be proper. Such an issue can only be decided at the trial of the case; standing alone, the allegation itself cannot be the basis for a refusal to find that the defense of the public officials is outside of the public interest, except in the most extreme of cases. See, e.g., City of Del Rio, supra; see also Attorney General Opinions JM-755 (1987); H-887 (1980); H-544 (1978); Attorney General Letter Advisory No. 24 (1973).

You suggest that section 157.061 of the Local Government Code requires the county to pay private counsel to defend yourself and the sheriff.

> LEGAL DEFENSE OF EMPLOYEES. (a). A county official or employee sued by a nonpolitical entity for an action arising from the performance of public duty is entitled to be represented by the district attorney of the district in which the county is located, the county attorney, or both.
>
> (b) If additional counsel is necessary or proper in the case of an official or employee provided legal counsel under Subsection (a) or if it reasonably appears that the act complained of may form the basis for the filing of a criminal charge against the official or employee, the official or employee is entitled to have the

> commissioners court of the county employ and
> pay private counsel.
>
> (c) A county official or employee is  not
> required  to    accept    the    legal    counsel
> provided in this section.
>
> (d) In    this    section,    'nonpolitical
> entity' means an individual, firm,  corpora-
> tion, association, or other private  entity.
> It does not include  the state, a  political
> subdivision of the state, a city, a  special
> district, or other public entity.

This statute, adopted by the legislature in 1973  and
placed in the  Local Government Code  by a  nonsubstantive
revision in 1987, is declaratory of at least a part of the
common-law   rule   referred    to   above.[1]   See   generally
Attorney General Letter Advisory No. 24 (1973).  We do not
understand  the  statute    to  repeal   or  supplant   the
common-law rule.  At the least, the provisions  strengthen
the rule  by  entitling a   public  servant to   a   defense
provided by the county  in a certain  class of cases.   As
such, it can be construed  to harmonize with the   existing
common-law rule, Freels v. Walker, 26 S.W.2d 627,   opinion
adopted (Tex. Comm'n App.   1930), even though the   statute
does not occupy the  whole of the  ground embraced by  the
common-law rule.  The  statute does not  -- and cannot  --
repeal the implied condition  imposed by the   constitution
that a legitimate interest of the county must be involved.
Attorney General Letter Advisory No. 24 (1973).   But  when
the commissioners  make  a  bona-fide  decision   that  the
public interest is involved,  then the public official  or
employee must be afforded  the legal assistance  specified
in section 157.061.

As  an  express  condition  for  the  application  of
section 157.061, the suit against the public servant  must
be instituted by a "non-political entity," meaning

---

1.  Subsection (a)  of  section  157.061  requires  the
county or district attorney, or both, to defend the public
servant, except  in  certain  cases specified  in  section
three of the  statute.  Prior to  the adoption of  section
157.061, county and district  attorneys had no  such duty.
See Attorney General Letter Advisory No. 24 (1973).

> an individual, firm, corporation, association, or other private entity. It does not include the state, a political subdivision of the state, a city, a special district, or other public entity.

Local Gov't Code §157.061(d). It is apparent to us that the litigation at hand has not been instituted by a public entity.

A single county commissioner has <u>no</u> authority to bring suit in the name of the county. A county is

> manifestly a unit, and is the agency of the whole county. The respective members of the commissioners court are therefore primarily representatives of the whole county, and not merely representatives of their respective precincts. The duty of the commissioners court is to transact the business, protect the interest, and promote the welfare of the county as a whole.

<u>Stovall v. Shivers</u>, 103 S.W.2d 363, 366 (Tex. 1937); <u>see also</u> Tex. Const. art. V, §18; Local Government Code §81.001. Only action taken by the governing body of the county -- the commissioner's court speaking through its minutes -- can bind the county. <u>Stratton v. County of Liberty</u>, 582 S.W.2d 252 (Tex. Civ. App. - Beaumont, 1979, writ ref'd n.r.e.); <u>Hill Farm, Inc. v. Hill County</u>, 425 S.W.2d 414 (Tex. Civ. App. - Waco 1968), <u>aff'd</u> 436 S.W.2d 230 (1968). The information furnished to us clearly demonstrates that the litigation prompting this request was filed by a "nonpolitical entity" -- a private person who happens to be a county official, but who is seeking redress for alleged wrongs merely personal to him even though they may involve public officials acting against him in their official capacities.

We also note that subsection (b) of section 157.061 may apply in this case. That provision provides, in part, that:

> If additional counsel is <u>necessary or proper</u> in the case of an official or employee provided legal counsel . . . the official or employee is entitled to have the commissioners court of the county employ and pay private counsel. (Emphasis added.)

Local Gov't Code, §157.061(b). In the usual case under section 157.061, the defense of a public servant is to be undertaken by the county attorney, the district attorney, or both. Obviously, you, as the district attorney, cannot be expected, on prudential grounds, or otherwise, to defend yourself. Nor may you, as a formal matter of legal ethics, represent your co-defendant, something that would otherwise be your duty under section 157.061 of the Local Government Code. See, e.g., Supreme Court of Texas, Rules Governing The State Bar of Texas, art. XII, §8 (Code of Professional Responsibility), Canon 5 (1971). Thus, this seems to be precisely the class of case where section 157.061 mandates that the county hire and pay for private counsel for both yourself and the sheriff. Of course, the commissioners must determine formally that it is necessary and proper for private counsel to be employed and paid.

You also ask whether the county commissioner bringing the suit is (a) disqualified from voting on questions concerning the hiring and payment by the commissioners court of an attorney to defend the public officials he has sued and (b) disqualified from participating in meetings about the lawsuit which might be conducted between the commissioners court and the private attorney hired to handle the suit. You suggest that section 81.002 of the Local Government Code, formerly article 2340, V.T.C.S., provides affirmative answers to these questions.

Section 81.002 requires, in part, that a county commissioner take an oath to abjure certain actions likely to promote so-called "conflicts of interest." The precise purpose of the provision is to eliminate the possibility of any pecuniary gain from the county by those who manage its affairs--in the case of "contracts with" or "claims against" the county. See generally Bexar County v Wentworth, 378 S.W.2d 126 (Tex. Civ. App. - San Antonio 1964, writ ref'd n.r.e.); Attorney General Opinion M-1140 (1972). A commissioner must post a bond to insure the faithful performance of this, and other, duties. Local Government Code, section 81.002. The provision does not, on its face, forbid a commissioner with a prohibited interest from voting. But if such a vote is cast, and it is a deciding one, then the contract is void. Bexar County v. Wentworth, supra.

Members of the commissioners court must avoid acquiring or furthering an interest in any contract with the county. Attorney General Opinions H-624 (1975); H-329 (1974).

In the instant case, one member of the commissioners court, acting solely as a private citizen, is suing the county attorney and the sheriff. The commissioners court must decide whether or not to enter into a contract with a private attorney to provide for the legal defense of the the two county officials. Such a contract will not result in the possibility of any <u>direct</u> pecuniary gain by the commissioner bringing the suit, because he will not be either a party or a beneficiary of its execution. Only the lawyer engaged pursuant to the contract will receive money from the county, and only the public officials he will defend will be beneficiaries of the contract.

Nor, logically, can the contract result in the possibility of an <u>indirect</u> gain by the commissioner bringing the suit. The only purpose of the contract to engage a lawyer is to <u>defeat</u> the commissioner's expectations of winning a lawsuit and receiving a consequent award of damages from the public officials he is suing. The commissioner bringing the suit has only a non-pecuniary interest in the contract; he hopes the efforts of the attorney hired pursuant to the agreement will come to naught and that his cause will prevail.

In fact, it is clear that Section 81.002 of the Local Government Code is limited in application to those cases where action by a county commissioner will prompt the flow of pecuniary benefits <u>from</u> the county to him, whether directly or indirectly. In other words, money paid because of a contract entered into by the county must find its way to the benefit of the commissioner. The statute should not be read to cover those circumstances where the <u>interest</u> of the commissioner does not encompass the possibility of a gain from the county, and, ultimately, its taxpayers, through the execution of a contract.

In no previous case has the prohibition against a county commissioner having an interest in a contract been applied to a situation where funds expended by the county pursuant to the contract <u>could not go</u> to a commissioner, either directly or indirectly. Thus, here, while it is correct to say that the county commissioner bringing suit is "interested" in a contract between the county and attorney engaged to defend the public officials he is suing, his interest is not specifically of the kind brought within the prohibitions of section 81.002. The letting of the contract to hire a lawyer cannot possibly influence the way the commissioner deals with the official business of the county, and will not later give rise to a

possibility that the commissioner will be influenced by a personal pecuniary interest should the contract go awry. See <u>Polk v. Roebuck</u>, 184 S.W. 513 (Tex. Civ. App.-Beaumont 1916, no writ). To say otherwise would subject county commissioners to an impossible dilemma: any contract which might redound to their benefit in a <u>non-monetary</u> sense would be subject to the strictures of section 81.002.[2]

Nevertheless, public policy in Texas forbids a public official from casting a <u>deciding</u> vote in a matter concerning an issue in which he has a direct, adverse interest. If, by such a single vote, a public official can prevent an otherwise proper decision by the commissioners court that it is in the public interest to employ and pay for counsel to defend a public official in a legal action, then the official is barred from voting. In <u>Hager v. State ex. rel TeVault</u>, 446 S.W.2d 43 (Tex. Civ. App. - Beaumont 1969, writ ref'd n.r.e.) the court was confronted with a situation involving a city council member who voted for a resolution to authorize legal action to thwart a recall election aimed solely at him. The court noted that while his vote was a decisive one in securing a particular course of action, which was otherwise unremarkable, he was disqualified <u>as a matter of law</u> from voting because he had "a <u>direct</u> personal and <u>pecuniary</u> interest in the matter under consideration." <u>Id.</u> at 48 (emphasis added). The decision in <u>Hager</u> goes to some length to analogize the situation before it to cases involving judicial and quasi-judicial functions, citing <u>inter alia</u> Tex. Const. art. V, §11 (judges may not sit in cases in which they are interested).

Thus, this rule is bottomed on principles different from those concerning the common law conflict-of-interest doctrine. A decision by a county commissioner to employ

---

2. Neither does section 171.003 of the Local Government Code, formerly section 3 of article 988b, V.T.C.S., apply. That provision governs potential conflicts of interest involving local public officials, including county commissioners, and "business entities" in which they have a specified interest. The prohibitions in section 171.003 do not apply here; a lawsuit brought by a commissioner is not a "business entity" as defined in that section.

and pay counsel to defend a public official or employee at county expense is a quasi-judicial act. A county commissioner acts in a quasi-judicial capacity "when, in the exercise of his functions, he is required to pass upon facts and determine . . . action[s] by the facts found." Kirby Lumber Co. v. Adams, 62 S.W.2d 366, 370 (Tex. Civ. App. - Beaumont 1932), rev'd in part on other grounds, 93 S.W.2d 382 (Tex. 1926). Such a judgment is at the very heart of the decision which must be made in deciding whether to provide legal assistance to a public servant pursuant to section 157.061 of the Local Government Code. Thus, the commissioner bringing the action is barred from casting a deciding vote on any aspect of the matter, including whether to employ and pay defense counsel because of his obviously adverse interest. Hager, supra.

You also ask whether the county commissioner bringing the suit may be excluded from meetings of the commissioners court where discussions are held between the commissioners and the attorney they employ to defend the public officials being sued. The analysis of your question is best approached by considering the nature of the relationship established by the use of public funds to defend suits against public officials and employees. The attorney representing a public official or employee has as a client the official or employee named as a defendant, not the county. In other words, the county is not a client and, as such, it may not be privy to the confidences shielded by the attorney-client privilege recognized in the law. For if the county and the public servant are both clients of the same lawyers, then conflicts of interest may arise. In such an instance, the public servant provided with representation may suffer serious adverse consequences. Thus, the lawyer representing the public official or employee must retain in confidence all of the privileged aspects of the representation of the public official or employee who is the client. See, e.g., Supreme Court of Texas, Rules Governing the State Bar of Texas, art. XII, §8 (Code of Professional Responsibility), DR 4-101 (1973); Texas Rule of Evidence 503. Cf. Attorney General Opinion JM-100 (1984).

The attorney defending the public servant may not, except as provided by law, discuss privileged aspects arising out of the representation provided with anyone other than the client. The county, per se, is not a client; consequently, there should be no occasion for the county commissioner bringing suit to attend any discussion of the aspects of the case subsumed by the privileged

lawyer-client relationship. The commissioners court may not hold such discussions so long as a proper assertion of the attorney-client privilege is before them.

## S U M M A R Y

A county may expend public funds for the employment of a private attorney to represent county officials and employees who have been sued in their official and individual capacities if the suit involves an action of the official or employee arguably within the scope of the official's or employee's authority in the performance of public duties and if the county commissioners believe in good faith that the public interest is at stake. Whether or not the county may properly expend public funds to defend the official or employee is always a matter of fact. In the class of cases covered by section 157.061 of the Local Government Code, the county must provide for the legal defense of a public official or employee in any of the ways specified in the section if the commissioners decide that the public interest is involved. An attorney employed by the county to defend a public official or employee has as a client only the public official or employee being defended; the attorney may not reveal aspects of the case covered by the attorney-client privilege to anyone, including the commissioners court, so long as the privilege is properly asserted.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Don Bustion
Assistant Attorney General