## WYATT METAL & BOILER WORKS v. FANNIN COUNTY.

### No. 5173.

Court of Civil Appeals of Texas. Texarkana.

Dec. 4, 1937.

Rehearing Denied Dec. 16, 1937.

S. F. Leslie, of Bonham, and Malone, Lipscomb, White & Seay, of Dallas, for appellant.

Cunningham & Lipscomb, of Bonham, for appellee.

WILLIAMS, Justice.

This is an appeal from a judgment, tried to the court upon an agreed statement of facts, denying Wyatt Metal & Boiler Works, appellant and plaintiff below, a recovery wherein it sought to obtain judgment against Fannin County, appellee and defendant below, in the approximate sum of $11,000, for culverts delivered by plaintiff and used in the public roads of Fannin County. In a former proceeding appellant sought a writ of mandamus to compel the county auditor to approve this claim, which action is reported in Wyatt Metal & Boiler Works v. Lipscomb, Tex.Civ.App., 87 S.W.2d 331. Being denied such writ, it filed this suit January 2, 1936, grounding its right of recovery upon an order passed by the commissioners' court of said county on June 13, 1932. The parties to this suit will carry here their trial court designation.

On November 17, 1931, Commissioner Wright signed three orders to plaintiff for the purchase of culverts, and likewise orders on November 20th; two on November 22, 1931, January 2, 4, 5, and February 2, 1932. During this same period of time, Commissioners Chandler and Jackson placed a total of fifteen similar orders with plaintiff. The culverts specified in each order which averaged $440 each; were shipped on day following date of same; received and used by said commissioners in their official capacity in the public roads of Fannin County. In April, 1932, plaintiff presented for payment to the county auditor of Fannin county a claim amounting to $10,878.03; being aggregate of the purchase price charged for the materials in the twenty-five orders mentioned above. Upon his refusal to approve same, and after a conference between plaintiff's representative, the county judge and the county auditor, the following advertisement for bids was prepared and published in a local newspaper:

"Notice to Culvert Dealers.

"The County Auditor of Fannin County will receive sealed bids until June 13th, 1932, at 10 o'clock A. M. for Copper Mo-lyb-den-um Iron Culverts. The Commissioners' Court reserves the right to reject any and all bids.

"Smith S. Lipscomb, County Auditor."

Plaintiff and others submitted bids. On June 13, 1932, the date advertised for letting, the commissioners' court awarded a contract to plaintiff which reads in part:

"We, the Commissioners of Fannin County, in regular session, having received bids as result of legal advertisement by County Auditor, Smith S. Lipscomb, on Copper Mo-lyb-den-um Iron Culverts, and having analyzed bids submitted, we hereby award the contract to the Wyatt Metal & Boiler Works, as having submitted the best bid, in keeping with their quotation of June 9th.

"We hereby authorize the Wyatt Metal & Boiler Works to charge to Fannin County, and ship to each County Commissioner, the following culverts, f. o. b., Dallas, Texas, and to prepay the freight and add same to their invoices. * * *"

These minutes then itemized the number, size, and gauge of culverts to be shipped to each of the three named commissioners. The county auditor on September 8, 1932, again refused to approve this claim. Later, at a regular meeting, the commissioners' court allowed and ordered paid this claim of plaintiff, as follows:

"At this term of Court, February 13, 1933, came the Wyatt Metal & Boiler Works, Dallas, Texas, to have heard their claims for corrugated metal culverts purchased by the following Commissioners:

"T. E. Wright.................$4,692.37
"M. E. Jackson...............$1,573.25
"C. B. Chandler..............$4,742.00

"It was moved by M. E. Jackson, seconded by C. B. Chandler that the above bills be allowed and paid in keeping with this Court's purchase June 13, 1932, which is a matter of record and the method and way that meet with the approval of the Wyatt Metal & Boiler Works, Dallas, Texas, further that the County Auditor be instructed to issue checks or interest bearing warrants in payment of the above bills and Treasurer of Fannin County is hereby authorized to register and pay the above account."

Plaintiff, after pleading in detail all the foregoing, then alleged: "Your plaintiff would show that by the acts and conduct of the Commissioners' Court of Fannin County and by the orders hereinabove alleged which it passed, and by its continued acceptance and use of said culverts so shipped to it as hereabove set out, said Commissioners' Court has in all things ratified and confirmed the transaction hereinabove

alleged from its inception and said county is now bound to pay this plaintiff the agreed prices for said materials hereinabove set out, which said agreed prices are and were the reasonable market values of said materials in Fannin County at the times hereinabove alleged."

Plaintiff prayed for judgment for the purchase price of the culverts, with interest from August 1, 1932, and, in the alternative, if not entitled to recover the agreed purchase price, and if the county was not bound by the contract or by the ratification, that it recover judgment for the rental value of same at rate of $200 per month. Plaintiff, in its brief, concedes that the sales upon the individual orders of individual county commissioners, without any previous authority of the commissioners' court and without statutory advertisement for bids were void. Plaintiff offered no testimony as to the reasonable market value of said material in Fannin County and offered no evidence on the rental value of these culverts. It abandoned its alternative plea in the trial court, and assigns no error based upon this feature of the case.

■ Plaintiff contends that by virtue of its bid or offer of June 9th and the commissioners' court action of June 13th accepting same, it is entitled to recover upon a written contract for the amount of the contract prices. The trial court filed what is termed findings of fact, among which are the following:

"I find that the action of the Commissioners' Court and the plaintiff and its representatives were fraudulent, and was an attempt to perpetrate a fraud upon Fannin County, the purported contracts not being made in good faith but with a fraudulent design.

"I find that the offer of plaintiff dated June 9, 1932, to furnish the material in controversy, was never complied with.

· "I find that the bid of the Ft. Worth Tank & Culvert Company, offered in evidence, was made in good faith and that said bid was for the material advertised for."

The advertisement quoted called for bids on the identical brand of material that had theretofore been delivered under the original orders; and called for a material under an exclusive trade-name which to that extent tended to chill competitive bidding. This advertisement did not specify the quantity of culverts to be bought, nor the sizes and gauges of same, and neither did the notice state where such specifications could be found. It is to be noted in the purported award of June 13th, the commissioners' court, in accepting the bid of plaintiff, ordered shipped to the three commissioners named the identical number of culverts, the identical sizes and gauges at the identical prices covered in the original twenty-five orders which had theretofore been shipped and were already being used in the Fannin County roads.

Five bids were submitted at this letting; the bid of plaintiff being the only bid that quoted a price on all of the sizes and gauges of culverts involved in this action. Two other concerns submitted bids on some of the sizes of the same material. Another bidder submitted prices at least 40 per cent. under that of plaintiff, but on copper iron culverts of another brand. The Fort Worth Tank & Culvert Company submitted bids 50 per cent. under those of plaintiff, and the court found this was made in good faith and was for the material advertised for. But we deem it unnecessary to determine if the evidence supports· this finding of fact. We mention these last two bids to show the results when bids are requested on some particular trade-named product and as throwing light on the actions of the court in the procedure here detailed. We are of the opinion that this record substantiates the findings of the trial court that the purported contracts were not made in good faith but with a fraudulent design, and reflects an effort on the part of the commissioners' court and plaintiff to ratify the original twenty-five purchases.

■ Plaintiff attacks these findings of the court as not being supported by the evidence, and that defendant pleaded no acts ·of fraud. As has heretofore been stated, plaintiff pleaded the various acts from the inception to the final order of the commissioners' court. Defendant answered with general and special exceptions, general and special denials, pleas of the two and four years' statutes of limitation, and on the issue of fraud pleaded: "* * And says that neither of the items complained of by the plaintiff are just and true, in whole or in part, and that each of the items and particulars are unjust, and that each of the orders of the Commissioners' Court were fraudulently made and no .materials were ever delivered on said alleged contract. * * *"

We are of the opinion that this answer, when considered with the various acts pleaded by plaintiff, alleged that these various orders of the court were fraudulently made, and did raise this issue. The pleadings of the adverse party may be looked to if any of the omitted elements of the cause of action has been omitted. 33 Tex.Jur. p. 620, § 171, and authorities there cited.

■ We are further of the opinion that plaintiff cannot recover upon a written contract or award involving the purchase of materials amounting to $11,000 based upon the actions of the commissioners' court of June 13, 1932. Fannin County Road Law, Acts of 1st Called Session, 35th Legislature, Local and Special Laws 1917, c. 32, provides that bids shall be advertised for as now provided by law on all purchases and contracts amounting to over $200, and further stipulates that the provisions of said act shall be held and construed to be cumulative of all general and special laws of this state, when not in conflict therewith; but in case of such conflict, said act shall control as to Fannin County. Article 1659, R.C.S.1925, provides that supplies of every kind must be purchased on competitive bids, the contract to be awarded to the party who, in the judgment of the commissioners' court, has submitted the lowest and best bid. The county auditor shall advertise for a period of two weeks in at least one daily newspaper for such supplies and material according to specifications, giving in detail what is needed. Such advertisement shall state where the specifications are to be found. If article 1659 only is applicable in passing upon the validity of the order of June 13th, the requirement of this article was not complied with wherein it reads: "The County Auditor shall advertise * * * for such supplies and material according to specifications, giving in detail what is needed. Such advertisement shall state where the specifications are to be found." The only specification furnished merely called for bids on Copper Mo-lyb-den-um Iron Culverts. We therefore come to the conclusion that plaintiff's cause of action cannot legally rest upon a contract or award by virtue of the commissioners' court's action of June 13th.

■■ It is clear that from the passage of these acts it was the intent of the Legislature to declare a public policy. That such a policy is wise is evidenced by the universality of such statutes found in the laws of Congress and of all the state Legislatures. These purchases having been made in violation of the provisions of the articles requiring competitive bids, the court was without authority to ratify same, for this would grant them a power to do something indirectly they could not do directly. Stephens County v. H. C. Burt & Co., Tex.Civ.App., 19 S.W.2d 951; Wyatt Metal & Boiler Works v. Lipscomb, supra; Limestone County v. Knox, Tex.Civ.App., 234 S.W. 131; Rue v. Missouri Pac. Ry. Co., 74 Tex. 474, 8 S.W. 533, 15 Am.St. Rep. 852; State Nat. Bank of El Paso v. Fink, Tex.Civ.App., 24 S.W. 937; 11 Tex. Jur. p. 643, § 102; Layne-Western Co. v. Buchanan County, 8 Cir., 85 F.2d 343, 349. Layne-Western Co. v. Buchanan County, supra, discusses the power of a governmental division to ratify a contract. That opinion quotes from Mullins v. Kansas City, 268 Mo. 444, 188 S.W. 193, as follows: "It is plain that to allow such a doctrine upon a contemporaneous matter to be successfully asserted in the teeth of a statute which forbids, and of which statute plaintiff must be held to know, would be against public policy. * * * Officers of municipalities are not general agents; they are special agents, whose duties are set forth in the statutes which create them and which define their powers, and of these statutes, and therefore of these officers' powers, the public which deals with them must take notice and govern themselves accordingly. * * * Vain and futile would Constitution and statutes and charter be, if any officer of the state, or of a county, or of a city or other municipality, could follow them only when he saw fit. If by estoppel such salutary provisions, enacted with wise foresight as checks upon extravagance and dishonesty, can be utterly abrogated at will by any officer, such provisions then subserve no purpose, and the public corporation has no earthly protection against either greed or graft."

■ Under the record, plaintiff was relegated to a suit against the county upon an implied contract for the reasonable value of the benefits which Fannin County received from the use of these culverts. City of San Antonio v. French, 80 Tex. 575, 16 S.W. 440, 26 Am.St.Rep. 763; Sluder v. City of San Antonio, Tex.Com.

App., 2 S.W.2d 841; Horne Zoological Arena Co. v. Dallas, Tex.Civ.App., 45 S. W.2d 714.

The judgment is affirmed.