

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

December 19, 1974

The Honorable Tom Hanna
Criminal District Attorney
Jefferson County
P. O. Box 2553
Beaumont, Texas 77704

Opinion No. H- 482

Re: Whether a commissioners
court may ratify a contract
for the purchase of materials
and labor when competitive
bids were not taken, and
related questions.

Dear Mr. Hanna:

According to your letter, a member of the Commissioners Court of Jefferson County ordered approximately $900 worth of supplies and labor (without consulting the Court or the Purchasing Agent) in order to repair the county asphalt plant which produces asphalt for county roads. The person who supplied the materials and labor presented a bill therefor which the Commissioners Court wishes to pay. However, the Purchasing Agent for the County and the County Auditor believe the contract was illegal and not subject to ratification. They have refused to take steps toward payment of the claim.

You ask if the claim may be paid.

Article V, section 18 of the Texas Constitution states that the commissioners court "shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State . . . " Article 2351, sections 6 and 7, V.T.C.S., grants the commissioners court general control over all roads and authority to keep in repair all necessary public buildings. Since the asphalt plant in question falls within the area of control outlined by Article 2351, the commissioners court of most counties would have the authority to make decisions regarding the repair of the plant. A commissioners court is

> . . . the general business and contracting agency of
> the county, and it alone has authority to make contracts
> binding on the county, unless otherwise specifically
> provided by statute. Anderson v. Wood, 152 S. W. 2d
> 1084, 1085 (Tex. 1941).

But Article 1580, V. T. C. S. , as amended by Acts 1971, 62nd Leg. , ch. 837, p. 2550, provides that counties of a population of 74,000 or more may have a purchasing agent appointed.  Jefferson County falls into that group and such an officer has been appointed for it.  The statute reads:

> Section 1 (a)  In all counties . . . having a population of seventy-four thousand (74,000) or more inhabitants . . . a majority of a Board composed of the judges of the District Courts and the County Judge . . . , may appoint a . . . county purchasing agent for such county, who shall hold office, unless removed by said judges, for a period of two (2) years . . . who shall execute a bond in the sum of Five Thousand Dollars ($5,000) . . . for the faithful performance of his duties.
>
> (b)  It shall be the duty of such agent to make all purchases for such county of all supplies, materials and equipment required or used by such county or by a subdivision, officer, or employee thereof, excepting such purchases as may by law be required to be made by competitive bid, <u>and to contract for all repairs to property used by such county, its subdivisions, officers, and employees, except such as by law are required to be contracted for by competitive bid</u> . . .
>
> (c)  It shall be unlawful for any person, firm or corporation, other than such purchasing agent, to purchase any supplies, materials and equipment for, <u>or to contract for any repairs to property used by such county</u> or subdivision, officer, or employee thereof, and no warrant shall be drawn by the county auditor or honored by the county treasurer of any such county for any purchases except by such agent and those made by competitive bid as now provided by law. . . .
> (Emphasis added)

Articles 1659, 1659a, 1659b and 2368a, V. T. C. S. , all have to do with competitive bidding requirements, but none of them apply.  Article 1659 is applicable only to "supplies and material" used in a more narrow sense.  Patten v. Concho County, 196 S. W. 2d 833 (Tex. Civ. App. --Austin 1946, no writ).  Articles 1659a and 1659b apply only to counties of populations and assessed-valuation brackets larger than those of Jefferson County. Article 2368a does not apply to purchases of less than $3, 000.

We do not believe that the contract of repair purportedly made by the individual Commissioner complied with Article 1580 and we do believe that the Auditor and Treasurer of the County are prohibited by Article 1580 from drawing or honoring warrants for purchases which are neither made by the Purchasing Agent nor made by competitive bid.  As we understand it,  the Commissioners Court concedes the original invalidity of the contract but contends that it may nevertheless ratify it and that after ratification it becomes the duty of the Purchasing Agent to sign the purchase order so that a warrant therefor may properly issue.

The power of the Commissioners Court to regulate county fiscal matters has been altered by Article 1580 where it applies, Attorney General Opinions M-708 (1970), WW-980 (1961).  While it is axiomatic that the Commissioners Court may ratify any action which it could have originally authorized, the Commissioners Court of Jefferson County may not originally authorize purchases not made in accordance with Article 1580, V. T. C. S.  By virtue of that statute, control of county contracts not regulated by Article 1659, Article 2368a,  or a similar statute requiring competitive bidding, is in the County Purchasing Agent.  Control of that officer is in the special Board of Judges created by Article 1580, not in the Commissioners Court of Jefferson County.  We do not believe the illegal contract can be ratified by the Commissioners Court.

Though the illegal contract cannot be ratified, where a county receives benefits under a contract not made in conformity with the statutes, it is sometimes held liable under a theory of unjust enrichment - - a contract implied in law - - for the value of the benefits received.  Wyatt Metal & Boiler Works v. Fannin County,  111 S. W. 2d 787 (Tex. Civ. App. -- Texarkana 1938, writ dism'd. ).  Whether or not such would be the case here depends upon matters not before us, and we venture no opinion on the question.

## SUMMARY

The Commissioners Court of Jefferson County cannot ratify an illegal contract made in violation of Article 1580, V. T. C. S., for the repair of a county building, though it may be liable upon a different theory for the benefits received.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee