

# The Attorney General of Texas

September 5, 1978

$R\beta - 188.$

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/882-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable George N. Rodriguez, Jr.
County Attorney
El Paso County
Room 201 City-County Building
El Paso, Texas 79901

Opinion No. H-1237

Re: Whether a county may pay claims for supplies and services rendered to the Sheriff's Department without a purchase order when the commissioners court has issued a written order that the claim be paid.

Dear Mr. Rodriguez:

You have requested our opinion on a question involving payment of a claim for supplies and services rendered to the county.

You state that a number of vendors provided supplies and services to the sheriff's department, but failed to comply with article 1580, V.T.C.S., as amended, Acts 1975, 64th Leg., ch. 294, § 1, at 748, applicable to all counties with a population in excess of 74,000. Article 1580 establishes the county purchasing agent, an officer not under the supervision of the commissioners court, as the proper party to contract for all county supplies and services except those required to be let on competitive bid. The statute prohibits any other person from entering into such contracts and directs the county auditor not to draw warrants "for any purchases except by such agent and those made by competitive bid." In the situation you pose, the commissioners court has by written order directed payment of the claims, but the auditor has refused to comply.

We considered an almost identical question in Attorney General Opinion H-482 (1974), and concluded that, where a contract fails to comply with article 1580 because the county purchasing agent is not a party thereto, the county auditor is prohibited from drawing a warrant for the contract. The authority of the commissioners court to regulate county fiscal matters has been circumscribed by article 1580, and since the court was powerless to make the contract initially, it was equally powerless to ratify it.

In our opinion, the same result is applicable here. The commissioners court is not authorized to order payment of a claim under a contract made in

violation of article 1580, and the auditor is prohibited from paying such a claim. But see Wyatt Metal & Boiler Works v. Fannin County, 111 S.W.2d 787, 790 (Tex. Civ. App. — Texarkana 1937, writ dism'd); Attorney General Opinion H-482 (1974).

### SUMMARY

The commissioners court is not authorized to direct payment of a claim under a contract which contravenes article 1580, and the county auditor is prohibited from paying such a claim.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn