ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

September 8, 2004

The Honorable David R. Austin
Ector County Auditor
1010 East Eighth Street, Room 520
Odessa, Texas 79761

Opinion No. GA-0247

Re: Whether a county auditor may approve a claim for payment on a contract that was not awarded in compliance with the County Purchasing Act (RQ-0195-GA)

Dear Mr. Austin:

You ask whether a county auditor may approve a claim for payment on a contract that was not awarded in compliance with the County Purchasing Act, Local Government Code chapter 262, subchapter C. You also ask several related questions about such a contract's legal effect and the county's authority to make payments under such a contract.[1]

## I. Background

### A. Legal Framework

Your questions involve an Ector County contract for a third-party administrator to administer the county's self-insured medical benefits plan. *See* Request Letter, *supra* note 1, at 1. Section 157.002 of the Local Government Code provides that a "commissioners court by rule may provide for medical care and hospitalization and may provide for compensation, accident, hospital, and disability insurance" for, among others, county employees, retirees, and their dependents. TEX. LOC. GOV'T CODE ANN. § 157.002(a) (Vernon 1999). In a county that adopts rules under section 157.002, the commissioners court may require health plan participants to contribute toward the payment of the plan and may establish the "Hospital and Insurance Fund—County Employees" to "pay for the medical care or hospitalization or the insurance." *Id.* § 157.003(a).

Section 157.003 provides that "[c]laims shall be paid from the fund in the same manner as provided by law for the payment of other claims of the county." *Id.* § 157.003(d). Chapter 113 of the Local Government Code establishes procedures for paying county claims. Section 113.064(a) requires that

> [i]n a county that has the office of county auditor, each claim,
> bill, and account against the county must be filed in sufficient time

---

[1]*See* Letter from Honorable David R. Austin, Ector County Auditor, to Honorable Greg Abbott, Texas Attorney General (Mar. 12, 2004) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

> for the auditor to examine and approve it before the meeting of the commissioners court. A claim, bill, or account may not be allowed or paid until it has been examined and approved by the auditor.

*Id.* § 113.064(a). Section 113.065 provides that "[t]he county auditor may not audit or approve a claim unless the claim was incurred as provided by law." *Id.* § 113.065.

The County Purchasing Act generally requires counties to make certain purchases using competitive bidding. Section 262.023(a) of the Local Government Code provides that

> [b]efore a county may purchase one or more items under a contract that will require an expenditure exceeding $25,000, the commissioners court of the county must:
>
> (1) comply with the competitive bidding or competitive proposal procedures prescribed by this subchapter;
>
> (2) use the reverse auction procedure, as defined by Section 2155.062(d), Government Code, for purchasing; or
>
> (3) comply with a method described by Subchapter H, Chapter 271.

*Id.* § 262.023(a) (Vernon Supp. 2004); *see also id.* §§ 271.111-.121 (Local Government Code, chapter 271, subchapter H). In the Act, the term "item" means "any service, equipment, good, or other tangible or intangible personal property, including insurance and high technology items." *Id.* § 262.022(5) (Vernon 1999). In applying section 262.023(a), "all separate, sequential, or component purchases of items ordered or purchased, with the intent of avoiding the requirements of this subchapter, from the same supplier by the same county officer, department, or institution are treated as if they are part of a single purchase and of a single contract." *Id.* § 262.023(a) (Vernon Supp. 2004). A contract for the purchase of a personal or professional service is exempt from the section 262.023 competitive bidding requirement if the commissioners court by order grants the exemption. *See id.* § 262.024(a)(4).

Among other things, the Act requires that notice of a proposed purchase

> be published at least once a week in a newspaper of general circulation in the county, with the first day of publication occurring before the 14th day before the date of the bid opening. If there is no newspaper of general circulation in the county, the notice must be posted in a prominent place in the courthouse for 14 days before the date of the bid opening.

*Id.* § 262.025(a). The notice must include detailed information about the proposed purchase. *See id.* § 262.025(b).

Sections 262.0295 and 262.030 of the Local Government Code authorize a county to use alternate competitive procedures in certain limited circumstances. Under section 262.0295, upon a finding by the commissioners court that it is impractical to prepare detailed specifications for an item to support the award of a purchase contract, the county official who makes purchases for the county may use a multistep competitive proposal procedure, soliciting quotations through a request for proposals. *See id.* § 262.0295(a)(1)-(2), (b) (Vernon 1999); *see also id.* § 262.0295(a)(3) ("This section applies only to a county with a population of 125,000 or more."). Section 262.030 permits counties to use a competitive proposal procedure, soliciting quotations through a request for proposals, to purchase, among other things, insurance and high technology items. *See id.* § 262.030 (Vernon Supp. 2004).

Sections 262.0295 and 262.030 both require the county to provide notice. *See id.* §§ 262.0295(b) (Vernon 1999) ("Public notice for the request for proposals must be made in the same manner as provided in the competitive bidding procedure, except that the notice may include a general description of the item to be purchased, instead of the specifications describing the item or a statement of where the specifications may be obtained, and may request the submission of unpriced proposals."), 262.030(b) (Vernon Supp. 2004) ("Public notice for the request for proposals must be made in the same manner as provided in the competitive bidding procedure.").

Section 262.033 provides that "[a]ny property tax paying citizen of the county may enjoin performance under a contract made by a county in violation of this subchapter." *Id.* § 262.033 (Vernon 1999). In addition, a county officer or employee who violates the Act is subject to criminal prosecution and removal from office.[2]

## B.     Factual Background

You inform us that in 1983 Ector County established a self-insured medical benefits plan for its employees, retirees, and their dependents, as authorized by section 157.002 of the Local Government Code. *See* Request Letter, *supra* note 1, at 1; *see also* TEX. LOC. GOV'T CODE ANN. §§ 157.002-.003 (Vernon 1999), *supra.* Historically, the county has obtained the services of a third-party administrator ("TPA") to administer the plan and has followed the County Purchasing Act to award the TPA contract. *See* Request Letter, *supra* note 1, at 1.

Your questions involve a TPA contract that Ector County entered into in the fall of 2003. In September 2003, the Ector County Commissioners Court rescinded the TPA contract that was then in effect for a one-year term, and it awarded a new contract to another TPA, effective October

---

[2]Under section 262.034(a)-(b), a county officer or employee who "intentionally or knowingly makes or authorizes separate, sequential, or component purchases to avoid" section 262.023's competitive bidding requirements, or intentionally or knowingly violates section 262.023 by other conduct, commits a Class B misdemeanor. *See* TEX. LOC. GOV'T CODE ANN. § 262.034(a)-(b) (Vernon 1999). Under section 262.034(c), a county officer or employee who intentionally or knowingly violates the Act, other than by conduct described by section 262.034(a) or (b), commits a Class C misdemeanor. *See id.* § 262.034. "The final conviction of a county officer or employee for an offense under Section 262.034(a) or (b) results in the immediate removal from office or employment of that person." *Id.* § 262.035(a). The removed officer or employee is ineligible for four years after the date of final conviction for public office and for county employment or compensation. *See id.* § 262.035(b).

1, 2003. As county auditor, you determined that the commissioners court had not complied with the County Purchasing Act's competitive bidding requirements in procuring the new TPA contract and asked the county attorney for an opinion. *See id.* at 1-2. While waiting for the county attorney's opinion, the county made payments to the new TPA for services provided under the contract. *See id.* at 2. The county attorney concluded that the county had failed to comply with the County Purchasing Act's notice requirements in procuring the new TPA contract but also stated that the contract "'is in effect and the County is under obligation to perform under the contract.'" *Id.*

## II.    Analysis

You ask nine questions about the TPA contract. We understand that there is some dispute regarding the county auditor and the county attorney's conclusion that the county did not comply with the County Purchasing Act in awarding the contract. For example, an attorney for the TPA contends that the TPA provides professional services and that the commissioners court was therefore authorized to exempt the contract from competitive bidding.[3] A county commissioner, on the other hand, asserts that the county solicited proposals for the contract pursuant to a procedure permitted by section 262.030 of the Local Government Code.[4] Your questions ask us to assume that the TPA contract was not awarded in compliance with the County Purchasing Act. We do not examine that assumption.

### A.    Local Government Code, Section 113.065

First you ask, "[a]ssuming the contract . . . was not competitively procured," whether the county auditor may legally approve a claim for payment to the TPA for services rendered under the contract under Local Government Code, section 113.065. *See id.* at 3.

Claims paid from a county's hospital and insurance fund must be paid in the "same manner as provided by law for the payment of other claims of the county." TEX. LOC. GOV'T CODE ANN. § 157.003(d) (Vernon 1999). Chapter 113 of the Local Government Code expressly provides that a claim, bill, or account may not be allowed or paid until it has been examined and approved by the county auditor. *See id.* § 113.064(a). Section 113.065 provides that "[t]he county auditor may not audit or approve a claim unless the claim was incurred as provided by law." *Id.* § 113.065.

"The language of these statutes is mandatory. They impose on the auditor the responsibility, before approving a claim, to determine whether it strictly complies with the law governing county

---

[3]*See* Brief from Eric J. Nathan, Weener & Nathan, L.L.P., at 2 (May 28, 2004) (on file with the Opinion Committee); *see also* TEX. LOC. GOV'T CODE ANN. § 262.024(a)(4) (Vernon Supp. 2004); Tex. Att'y Gen. Op. Nos. DM-418 (1996) at 9-13, JM-1038 (1989) at 2 (considering whether a contract for services of a third party administrator is exempt from competitive bidding laws as a contract for professional services).

[4]*See* Letter from Honorable Barbara Graff, Ector County Commissioner, to Nancy Fuller, Chair, Opinion Committee, Office of the Attorney General (May 26, 2004) (on file with the Opinion Committee); *see also* TEX. LOC. GOV'T CODE ANN. § 262.030 (Vernon Supp. 2004) (permitting counties to use a competitive proposal procedure, soliciting quotations through a request for proposals, to purchase, among other things, insurance and high technology items).

finances." *Smith v. McCoy*, 533 S.W.2d 457, 459 (Tex. Civ. App.–Dallas 1976, writ dism'd) (addressing the statutory predecessors to Local Government Code sections 113.064-.065, former articles 1660 and 1661); *see also Crider v. Cox*, 960 S.W.2d 703, 706 (Tex. App.–Tyler 1997, writ denied) ("A claim against the county may not be approved by the Auditor unless it was incurred in accordance with the law.") (citing Local Government Code section 113.065). Although no court has addressed the issue, a number of attorney general opinions have concluded that a county auditor may not approve a claim for a contract that was not awarded in compliance with a competitive bidding law, *see* Tex. Att'y Gen. Op. Nos. V-285 (1947), O-770 (1939), or similar law limiting county purchasing authority, *see* Tex. Att'y Gen. Op. Nos. JC-0266 (2000) (a county auditor may not approve a claim for payment under a contract made in violation of the Professional Services Procurement Act) (citing Local Government Code section 113.065), H-1237 (1978) ("The commissioners court is not authorized to order payment of a claim under a contract made in violation of article 1580 [requiring county purchases to be made by purchasing agent], and the auditor is prohibited from paying such a claim.").

In answer to your question, if a county auditor determines that a contract was awarded in violation of the County Purchasing Act, section 113.065 of the Local Government Code prohibits the auditor from approving the claim. A claim may not be approved by the commissioners court or paid by the county without the auditor's approval.[5] *See Crider*, 960 S.W.2d at 706 (the county auditor's approval of a claim is a requisite to the commissioners court's approval; without county auditor approval, the commissioners court's approval of a claim is void).

## B.     The Contract's Legal Effect

You ask several questions about the TPA contract's legal effect. We begin with your question asking whether "a contract that does not comply with the [County] Purchasing Act [is] void or voidable?" Request Letter, *supra* note 1, at 3 (question 5). As you point out, Local Government Code chapter 271, subchapter B establishes competitive bidding requirements for certain public works contracts. *See* TEX. LOC. GOV'T CODE ANN. §§ 271.021-.030 (Vernon 1999 & Supp. 2004). Section 271.028 of the Local Government Code expressly provides that "[a] contract awarded in violation of this subchapter is void." *Id.* § 271.028 (Vernon 1999). Similarly, chapter 252 of the Local Government Code, governing municipal purchasing, contains a provision stating that a contract "made without compliance with this chapter" is "void and performance of the contract . . . may be enjoined" by a municipal taxpayer. *See id.* § 252.061. By contrast, the County Purchasing Act provides that "[a]ny property tax paying citizen of the county may enjoin performance under a contract made by a county in violation of this subchapter," *id.* § 262.033, but does not contain a provision stating that a contract awarded in violation of its requirements is void.

The legislature adopted the statutory predecessor to the County Purchasing Act, former article 2368a.5, in 1985. *See* Act of May 27, 1985, 69th Leg., R.S., ch. 641, 1985 Tex. Gen. Laws 2377,

---

[5]Given our answer to your first question, we do not answer your second question. *See* Request Letter, *supra* note 1, at 3 ("If the answer to #1 is 'yes,' are there judicial rulings or statutory authority other than Local Government Code, Section 113.065 providing for County Auditor approval for either the past or the future payment of services?").

2377-85. Prior to 1985, various statutes governed county purchasing, many of which applied to counties, municipalities, and other political subdivisions. For example, the statutory predecessor to the municipal purchasing provisions, former article 2368a, now chapter 252 of the Local Government Code, applied to both cities and counties. *See, e.g., Corbin v. Collin County Comm'rs Court*, 651 S.W.2d 55, 56 (Tex. App.–Dallas 1984, no writ) (addressing whether a county awarded a contract in compliance with former article 2368a). Article 2368a, section 2(d) provided:

> Any and all contracts or agreements hereafter made by any county or city in this state, without complying with the terms of this section, shall be void and shall not be enforceable in any court of this state and the performance of same and the payment of any money thereunder may be enjoined by any property taxpaying citizen of such county or city.

*See* Bond and Warrant Law of 1931, Act of May 21, 1931, 42d Leg., R.S., ch. 163, 1931 Tex. Gen. Laws 269, 270-71, *as amended by* Act of May 30, 1981, 67th Leg., R.S., ch. 505, § 2, 1981 Tex. Gen. Laws 2164, 2164-65. Statutes that predated article 2368a, former articles 2368 and 2268b, contained similar provisions. *See Limestone County v. Knox*, 234 S.W. 131 (Tex. Civ. App.–Dallas 1921, no writ) (addressing similar language in former article 2268b and concluding that a contract was void because the commissioners court awarded it without complying with statutory requirements). A contract that is void under the terms of such a statute is a nullity:

> The commissioners' court . . . being without power or authority to make the contract in the first instance without compliance with the terms of the statute, the contract was void and could not be vitalized and made binding and enforceable by ratification or otherwise. . . .

> [A] contract which the law denounces as void is necessarily no contract whatever and the acts of the parties in an effort to create one in no wise bring about a change of their legal status. A void contract is a mere nullity, and is obligatory on neither party to it. "It requires no disaffirmance to avoid it and cannot be validated by ratification."

*Id.* at 134.

In 1985, the legislature adopted the County Purchasing Act, amended article 2368a and other laws applicable to counties and other entities to remove counties from their scope, and repealed many inconsistent county purchasing provisions. *See* Act of May 27, 1985, 69th Leg., R.S., ch. 641, §§ 1 (enacting County Purchasing Act), 2-4, 8 (amending other laws to delete counties), 11 (repealing county purchasing laws), 1985 Tex. Gen. Laws 2377, 2377-84.

Although the County Purchasing Act, unlike Local Government Code sections 252.061 and 271.028 and provisions in former laws applicable to county purchasing, does not contain language stating that a contract awarded in violation of its provisions is void, no judicial or attorney general opinion since 1985 has addressed this change's potential significance. The 1985 legislative history

does not discuss the change.[6] However, the legislature's omission of language in the County Purchasing Act making contracts void is significant and must be given effect. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 681 (Tex. 1979) ("It is apparent that in amending the statute, the legislature intended some change in the existing law, and this court will endeavor to effect the change."); *Am. Sur. Co. of N.Y. v. Axtell*, 36 S.W.2d 715, 719 (Tex. 1931) (the legislature is presumed to have intended some change to existing law when enacting an amendment and effect must be given to the amendment); *see also* TEX. GOV'T CODE ANN. § 311.023(4) (Vernon 1998) (in construing a statute, a court may consider "former statutory provisions, including laws on the same or similar subjects"). As a result, we conclude that contracts awarded in violation of the County Purchasing Act are not void ab initio but rather may be declared void by a court.

Under section 262.033 of the Local Government Code, "[a]ny tax paying citizen may enjoin performance under a contract made by a county in violation of" the County Purchasing Act. TEX. LOC. GOV'T CODE ANN. § 262.033 (Vernon 1999). In addition, in some cases an unsuccessful bidder may bring a declaratory judgment action seeking to have a contract declared void on the basis that the county failed to award it according to the County Purchasing Act's procedures. *See, e.g., Securtec, Inc. v. County of Gregg*, 106 S.W.3d 803 (Tex. App.–Texarkana 2003, pet. denied) (concluding that an unsuccessful bidder could bring a declaratory judgment action requesting the court to declare a contract void because the county did not comply with the County Purchasing Act).

We stress, however, that the County Purchasing Act's enforcement provisions do not modify a county auditor's duty under section 113.065 of the Local Government Code to refuse to approve a claim that was not incurred in compliance with law. Section 113.065's charge that "[t]he county auditor may not audit or approve a claim unless the claim was incurred as provided by law," TEX. LOC. GOV'T CODE ANN. § 113.065 (Vernon 1999), remains in effect. Under section 113.065, a county auditor need not obtain a court order declaring the contract void for noncompliance with the County Purchasing Act to exercise the duty to withhold approval of a claim. *See Smith*, 533 S.W.2d at 459 (a county auditor who acted to deny claims under the statutory predecessor to section 113.065 "was acting within his official discretion to deny the claims and to require that their validity be established in a court of law"). Moreover, a county auditor's decision to approve or disapprove a claim is a discretionary as opposed to a ministerial act. *Id.; see also Crider*, 960 S.W.2d at 706-07. A court will require a county auditor to approve a claim only if the auditor has abused his or her discretion. *See Crider*, 960 S.W.2d at 706-07 (mandamus will lie to force a county auditor to approve a claim only "to correct a clear abuse of discretion when there is no adequate remedy by ordinary appeal"). If a party cannot establish that the auditor abused his or her discretion, "the remedy . . . is a suit against the county to establish the [claim's] validity." *Smith*, 533 S.W.2d at 461.

---

[6]*See* HOUSE COMM. ON COUNTY AFFAIRS, BILL ANALYSIS, Tex. S.B. 807, 69th Leg., R.S. (1985); HOUSE STUDY GROUP, BILL ANALYSIS, Tex. S.B. 807, 69th Leg., R.S. (May 14, 1985); HOUSE COMM. ON COUNTY AFFAIRS, BILL ANALYSIS, Tex. C.S.S.B. 807, 69th Leg., R.S. (1985); *Hearings on Tex. S.B. 807 Before the Senate Comm. on Intergovernmental Relations*, 69th Leg., R.S. (Mar. 26, 1985) (tapes available at Senate Staff Services Office); *Hearings on Tex. S.B. 807 Before the Senate Comm. on Intergovernmental Relations*, 69th Leg., R.S. (Apr. 2, 1985) (tapes available at Senate Staff Services Office); *Debate on Tex. S.B. 807 on the Floor of the Senate*, 69th Leg., R.S. (Apr. 11, 1985) (tapes available at Senate Staff Services Office); *Debate on Tex. S.B. 807 on the Floor of the House*, 69th Leg., R.S. (May 15, 1985) (tapes available at House Video/Audio Dep't).

### C.    The Commissioners Court's Authority to Provide a Basis for Contract Payments

You ask several questions about a commissioners court's authority to provide a basis for a county auditor to approve contract payments even though the claim was not "incurred as provided by law." TEX. LOC. GOV'T CODE ANN. § 113.065 (Vernon 1999).

You ask about the commissioners court's authority to ratify the contract: "[W]hat action, if any, could be taken by the County in order for the County Auditor to lawfully approve a claim for payment to [the TPA] for future services under the contract? For example, could the Court in some way ratify a contract that did not comply with competitive bidding statutes?" Request Letter, *supra* note 1, at 3 (question 4). In a related question you ask whether the fact that a contract that does not comply with the County Purchasing Act is voidable rather than void affects the commissioners court's authority to ratify it. *See id.* (question 5) ("Is a contract that does not comply with the Purchasing Act void or voidable, and does the determination make a difference in whether or not a contract can be ratified?").

A commissioners court lacks authority to ratify a contract expressly made void by law, such as a competitive bidding law providing that a contract made in violation of its terms is void. *See, e.g., Wyatt Metal & Boiler Works v. Fannin County*, 111 S.W.2d 787, 790 (Tex. Civ. App.–Texarkana 1937, writ dism'd) ("These purchases having been made in violation of the provisions of the articles requiring competitive bids, the [commissioners court] was without authority to ratify same, for this would grant them a power to do something indirectly they could not do directly."); *Limestone County*, 234 S.W. at 134 (a commissioners court could not ratify a contract awarded in violation of competitive bidding requirements).

But authority to ratify does not depend on the contract being void rather than voidable. The authority to ratify is premised on the authority to enter into the contract in the first place. *See Stratton v. Liberty County*, 582 S.W.2d 252, 254 (Tex. Civ. App.–Beaumont 1979, writ ref'd n.r.e.) ("That which the Commissioners' Court could authorize in the first instance could be ratified by it at a subsequent date."); *Angelina County v. Kent*, 374 S.W.2d 313, 317 (Tex. Civ. App.–Beaumont 1963, no writ) ("what the Commissioners Court could approve in the first instance, it may ratify"); *Cameron County v. Fox*, 61 S.W.2d 483, 487 (Tex. Comm'n App. 1933, holding approved) ("What the commissioners' court could have authorized in the beginning, that court could subsequently ratify."). Conversely, a commissioners court may not subsequently ratify a contract that it lacked authority to make. *See Jack v. State*, 694 S.W.2d 391, 397 (Tex. App.–San Antonio 1985, writ ref'd n.r.e.) ("Ratification may not be used to justify the making of an illegal contract. A contract which is made in violation of a statute is illegal and void and therefore not subject to ratification."); Tex. Att'y Gen. Op. Nos. JM-1027 (1989) at 8 ("[The purchase] cannot be 'ratified' by the commissioners court since the commissioners court cannot bind the county by ratification of a contract the court itself had no authority to make in the first place."), H-1237 (1978) at 1 ("The authority of the commissioners court to regulate county fiscal matters has been circumscribed by article 1580, and since the court was powerless to make the contract initially, it was equally powerless to ratify it.").

A commissioners court's authority is limited to those powers conferred either expressly or by necessary implication from the constitution and laws of this state. *See Guynes v. Galveston County*, 861 S.W.2d 861, 863 (Tex. 1993) (citing *Canales v. Laughlin*, 214 S.W.2d 451, 453 (Tex. 1948)); Tex. Att'y Gen. Op. Nos. GA-0158 (2004) at 4, GA-0085 (2003) at 2; *see also* TEX. CONST. art. V, § 18(b). When the County Purchasing Act governs the commissioners court's authority to enter into a contract, the commissioners court lacks authority to enter into a contract outside its provisions. Because it lacks authority to enter into a contract in violation of the County Purchasing Act in the first place, a commissioners court lacks authority to subsequently ratify such a contract. It is immaterial to the authority to ratify that the County Purchasing Act does not provide that a contract awarded in violation of its requirements is void.

You also ask about the commissioners court's authority to make "quantum meruit" payments on the contract: "[W]hat action, if any, could be taken by the County, in order for the County Auditor to audit and lawfully approve a claim for payment [to the TPA] for services already rendered? For example, could the Court approve payment in quantum meruit?" Request Letter, *supra* note 1, at 3 (question 3). In a similar question you ask, "If the only legal vehicle for payment is a claim in quantum meruit, could the court suffer the continuing provision of services while making periodic 'quantum meruit' settlement payments?" *Id.* at 4 (question 9).

Quantum meruit is a legal doctrine pursuant to which a court may order a party to pay for benefits received despite the absence of an enforceable contract. *See Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992) ("Quantum meruit is an equitable theory of recovery which is based on an implied agreement to pay for benefits received."). A plaintiff must establish the following to recover under the doctrine of quantum meruit: (1) valuable services or materials were furnished, (2) for the person or entity sought to be charged, (3) which were accepted, used, and enjoyed by the person or entity sought to be charged, and (4) under such circumstances as reasonably notified the person or entity sought to be charged that the plaintiff, in performing services or furnishing properties, expected to be paid by the person or entity to be charged. *Id.*

Under chapter 113 of the Local Government Code, a commissioners court may not pay a claim until it has been examined and approved by the county auditor, *see* TEX. LOC. GOV'T CODE ANN. §§ 113.064-.065 (Vernon 1999), and "[t]he county auditor may not audit or approve a claim unless the claim was incurred as provided by law," *id.* § 113.065. Neither chapter 113 nor the County Purchasing Act authorizes a commissioners court to approve quantum meruit payments on a contract that was not awarded in compliance with the County Purchasing Act to provide a basis for the county auditor to approve claims on the contract. In the event a county auditor rejects a claim for payment for noncompliance with the County Purchasing Act, the claimant could file a legal action to recover damages in quantum meruit. *See generally Base-Seal, Inc. v. Jefferson County*, 901 S.W.2d 783 (Tex. App.–Beaumont 1995, writ denied) (discussing the recovery available in a quantum meruit action brought by a company whose claims for payment by a county were rejected for noncompliance with the County Purchasing Act). A court may order a county to make quantum meruit payments in such a legal action. In that case, the court's order would provide a basis for the county auditor to determine that the claim "was incurred as provided by law." TEX. LOC. GOV'T CODE ANN. § 113.065 (Vernon 1999). *See generally Wyatt Metal & Boiler Works*, 111 S.W.2d at

790-91 ("Under the record [establishing that contract was void and commissioners court lacked authority to ratify it], plaintiff was relegated to a suit against the county upon an implied contract for the reasonable value of the benefits which Fannin County received from the use of these culverts.").

### D.    Questions Premised on Void Contract

Finally, you premise several questions on the conclusion that a contract made in violation of the County Purchasing Act is void:

> If the contract is void, should the County take action to bid the services as provided under Local Government Code, Chapter 262 and would this limit or increase potential liability to the County?
>
> If the contract is void, can the County enter into a month-to-month contract with [the TPA] for TPA services until such time as a vendor can be awarded the TPA services under Local Government Code, Chapter 262 or would a month-to-month contract create a continuing violation?
>
> If the contract is void, ratification is not an option and the Purchasing Act does not provide for a month-to-month contract, are there other legal avenues available to the County in order to continue the activities of the Plan as it pertains to plan and claims administration?

Request Letter, *supra* note 1, at 3-4 (questions 6-8). Given our conclusion that the contract is not void ab initio, and because we understand that the county has made monthly payments on the contract, which terminates on September 30, 2004, we do not answer these questions. Should you decide to disapprove future contract payment claims under section 113.065 of the Local Government Code, we suggest that you seek the county attorney's advice with respect to the county's options to obtain TPA services and the county's legal position in any potential litigation.

## S U M M A R Y

If the county auditor determines that the county awarded a contract without complying with the County Purchasing Act, section 113.065 of the Local Government Code prohibits the auditor from approving a claim for payment on the contract. Such a contract is not void ab initio but may be voided by a court. The fact that the County Purchasing Act does not provide that a contract made in violation of its terms is void does not affect a county auditor's duty under section 113.065 of the Local Government Code to disapprove a claim for payment on a contract awarded without complying with the County Purchasing Act. A commissioners court lacks authority to ratify such a contract or to approve quantum meruit contract payments for such a contract.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee